## Wise *versus* Rhodes.

Testatrix by her will gave to her sister-in-law a house and lot together with the interest of her personal estate in consideration that she would take care of and provide for the comfortable maintenance of the husband of testatrix, who was old and enfeebled, during his natural life. *Held*, that if the husband, with a full knowledge of the property, consented that the devisee should enter and take possession under the will, and by his request she took possession and for a period of several months discharged the duty imposed upon her by the will, he was presumed to have elected to take under the terms of the will and was estopped from making any other claim to the property.

May 28th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Blair county:* Of May Term 1876, No. 26.

Ejectment by Abraham Rhodes against Sarah Wise, for a house and lot of ground.

The plaintiff claimed as tenant by the curtesy and the defendant as devisee under the will of Mary Rhodes, the wife of plaintiff. Abraham Rhodes, it appeared, was an old and feeble man, and his wife devised the property in dispute together with the interest of her personal estate to the defendant, a widowed sister of the plaintiff, to be used by her in his support.

The defendant contended that the plaintiff had elected to take under the will and to support this contention gave evidence to show, that he had induced defendant to leave her home, remove her goods to the house, and that she had there nursed him for eight months, and expended her means in his maintenance; that during this time he accepted her services under the will and never complained of its terms or the treatment he received, and that he therefore was estopped from setting up the claim here made.

The verdict was for the plaintiff, and this writ was taken by the defendant.

The other material facts and the fourth point submitted by defendants, with the substance of the reply of the court thereto, will be found in the opinion of this court.

*Samuel S. Blair*, for plaintiff in error.—One who has taken a beneficial interest under a will is thereby held to have ratified every other part of the will, and will not be permitted to set up a claim, however well founded, to defeat its operation: Thelluson *v.* Woodford, 13 Ves. 209; Churchman *v.* Inland, 1 Russ & My. 250; Tibbetts *v.* Tibbetts, 19 Ves. 655; Brown *v.* Rickets, 3 Johns. Ch. 553.

An election by matter *in pais* must be manifested by plain and unequivocal acts with a full knowledge of all the circumstances and of the party's rights: Anderson's Appeal, 12 Casey 496; Kreiser's Appeal, 19 P. F. Smith 194.

[Wise v. Rhodes.]

*H. M. Baldridge*, for defendant in error.—An election by matter *in pais* can only be plain and unequivocal acts with a full knowledge of all the circumstances and of the party's rights: Anderson's Appeal, 12 Casey 496; Kreiser's Appeal, 19 P. F. Smith 194; Dickinson v. Dickinson, 11 Id. 401.

The husband has the option of taking his estate by the curtesy in the real estate of his wife, or such share of her real and personal estate as she can when electing to take against his will: Clarke's Appeal, 29 P. F. Smith 376.

Mr. Justice STERRETT delivered the opinion of the court, June 11th 1877.

Both parties claim under Mary Rhodes, deceased, whose last will and testament contains the following clause, viz. : " I give and bequeath to my sister-in-law, Sarah Wise, my house and lot of ground, with all the improvements thereon, in the town of Newry, with all the household furniture and everything therein, for which the said Sarah Wise is to keep and take good care of my dear husband Abraham Rhodes after my death—to provide for him everything necessary to make him comfortable and happy during his natural life. I also will and bequeath to my sister-in-law, Sarah Wise, all the interest of my money during the lifetime of my husband, Abraham Rhodes, so that he may be well taken care of."

The plaintiff, in the court below, claimed the house and lot, in question, as tenant by the curtesy, alleging that he had declined to accept the provisions of his wife's will. The defendant claimed as devisee of Mary Rhodes and contended that her brother had acquiesced in the will, and accepted the provisions intended for his benefit, and that she had been taking good care of him and providing everything necessary to his comfort; and offered testimony tending to show that he had elected to take under the will and had enjoyed the benefit of its provisions. In view of this and other testimony her counsel requested the court to charge the jury as follows, viz. :. " If Abraham Rhodes, having a full knowledge of the property that passed by the will, consented that Sarah Wise should enter under the will, and if she did so enter by his request and consent and there discharged the duties imposed upon her by the will for a period of eight months, it was an election, on the part of Rhodes, to accept under the will and he cannot recover."

The court declined to affirm the point, and instructed the jury that, if these facts were found, they would be strong evidence of an election on his part, but not necessarily conclusive. In this we think there was error. In the absence of qualifying circumstances, the defendant was entitled to an affirmance of the point. If the facts were found to be as therein stated, the legal conclusion would be that he had elected to accept the provisions of the will, and having done so, he could not assert his right as tenant by the curtesy. While the facts stated are not, in express terms, notice to

[Wise *v.* Rhodes.]

the devisee of his election to take under the will, they are equivalent thereto, and at the same time utterly inconsistent with his claim as tenant by the curtesy.   If, with a full knowledge of the property, he consented that the devisee should enter under the will, and by his request she took possession of the property devised to her, and for a period of several months discharged the duties imposed upon her by the will, it was too late for him to say that he did not acquiesce in its provisions.   Under such circumstances he would be estopped from claiming otherwise than under the will.

There is nothing in any of the other assignments that calls for special notice.

Judgment reversed, and *venire facias de novo* awarded.