Judgment reversed, and a <em>procedendo</em> awarded.

## Appeal of the Lehigh Coal and Navigation Co.

A bill in equity alleged that A., who was a citizen of Georgia, devised certain property in trust, to B., C. and D., or the survivor of them, their executors, administrators or assigns, and that said trustees invested a certain portion of said property in the stock of the L. C. & N. Co. The bill further alleged that said trustees were all dead, and that the complainants, who were citizens of New Jersey, were the executors of the will of the survivor of said trustees, and that by virtue of the will of A. and the laws of Georgia, they were the successors in the trust, and they therefore prayed that the stock should be transferred to them and that they should receive the dividends accrued thereon. The answer of the company admitted the facts as set forth, and averred a willingness to transfer the stock; but asked that the *cestuis que trustent* should be made parties to the bill, and that for greater certainty, copies of the wills and of the letters testamentary to the executors should be filed. The court below without the production of these documents, made a decree directing a transfer of the stock and the payment of the dividends. *Held*, that this was error; that before such a decree could be made notice to the *cestuis que trustent* and the production of the papers asked for were necessary.

January 28th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Court of Common Pleas, No. 1, of *Philadelphia county:* Of July Term 1878, No. 47.

This was a bill in equity, filed by Bayard Stockton and others, executors of Richard Stockton, who was the surviving trustee under the will of James Potter, against the Lehigh Coal and Navigation

Company to compel the transfer of certain stock of the company and the payment of the dividends accrued thereon.

The bill alleged that:

1. James Potter, a citizen of the state of Georgia and domiciled therein, by his will dated May 15th 1861, duly proved and remaining of record in the court of ordinary of Chatham county, in said state, did devise and bequeath certain shares or portions of his residuary estate to his brother-in-law, Robert F. Stockton, his nephew, Richard Stockton, and his friend, Dr. William H. Cuyler, and the survivors and survivor of them, their and his executors, administrators and assigns, upon certain trusts therein declared for his children, grandchildren and others, which trusts are still valid, continuing and subsisting trusts under the laws of said state of Georgia.

2. In the year 1866, said trustees, being all then living, purchased with the funds of said trust estate upon and for the trusts aforesaid, one hundred and sixty-seven shares of the capital stock of the Lehigh Coal and Navigation Company, which have been ever since standing in their names as such trustees, and on which dividends were received by them or the survivors of them, up to and including that declared in May 1867, after which date no dividends were declared by said company on said stock until May 1874.

3. About the 10th day of October 1866, said Robert F. Stockton died, and subsequently, on the 12th day of November 1869, said William H. Cuyler died, leaving said Richard Stockton, then domiciled in the state of New Jersey, sole surviving trustee under said will of James Potter, deceased. About the 10th day of April 1876, said Richard Stockton died, leaving a will, which has been duly admitted to probate in the office of the surrogate of Mercer county, New Jersey, in and by which he appointed your orators his executors, and they duly took out letters of administration and entered upon the duties of their said office.

4. By the laws of the state of Georgia, which was the domicile of the said James Potter, under whose will said trust arose, where a testator in his will expressly provides that in case of the death of a surviving trustee, his executors shall become trustees, such executors of the surviving trustee, though they may be created such executors by a will proved in another state, become and are the legal successors of such deceased trustee, clothed with all the estates and duties of such deceased trustee as fully and in the same manner as if they had been originally named as trustees in the will of the testator.

5. Your orators are therefore now trustees of said trust created by the will of said James Potter, deceased, as fully and with like effect in every respect as if they had been originally named such trustees, entitled to have said stock of the said defendant company transferred to them, and the dividends since May 1874, paid to

[Appeal of Lehigh Coal & Nav. Co.]

them; and they have asked said company to make such transfer and payment. Said company, however, wholly refuse to do either, alleging that your orators are not such trustees.

They therefore pray that said defendants may be required to transfer said stock to your orators and pay to them said dividends, and further relief.

The defendants admitted the allegations contained in the bill but asked that for greater certainty copies of the said wills alluded to therein might be produced; that the parties interested in said trust estate should be made parties to the bill and that the letters testamentary issued to plaintiffs should be produced. They then further averred that "they are now, and have ever been, willing to transfer the said stock to the proper parties, but they are advised that the plaintiffs are not entitled, by the laws of Pennsylvania, to have the said shares of stock transferred to them as trustees under the will of the said James Potter, and that the defendants cannot lawfully make such a transfer."

The court made a decree directing the company to pay the unpaid dividends and transfer the stock to the plaintiffs. The defendants took this appeal assigning this decree for error.

*Charles Gibbons*, for appellants.—The bill fails to disclose the nature of the trust, as well as the names and residences of the parties in interest. Without notice to them, and without their knowledge, the appellants are ordered to transfer their property to strangers, not citizens of Pennsylvania, who appear to have no title to it whatever, and who are not even required to give security. The appellants cannot perform the decree with safety to themselves, because the *cestuis que trustent* cannot be affected by a proceeding of which they had no notice. The relations of the appellants to the *cestui que trustent* are clearly defined in Bayard *v.* The Bank, 2 P. F. Smith 235, and Bohlen's Estate, 25 Id. 304. They are the trustees of the property and of the title of each owner, and are bound at their peril to permit no transfer without evidence of title.

The Court of Common Pleas has no jurisdiction. Wapple's Appeal, 24 P. F. Smith 100, construes first section of the Act of 7th April 1859, Purd. Dig. 1423, pl. 54, which gives to the Orphans' Court all necessary power in such a case to order and enforce the transfer, and designate the parties to whom it shall be made. Its jurisdiction is exclusive.

*E. Spencer Miller*, for appellees.—We allege the right of a trustee, duly appointed or constituted under the law of the domicile of the settlor, to represent personal property, and rely on his legal title to it in any state of the Union.

It is not a transfer by the trustee to a stranger that is sought, but

[Appeal of Lehigh Coal & Nav. Co.]

merely a vesting of the legal title in the new trustees. Without this income cannot be collected, nor a sale or transfer be made.

Mr. Justice PAXSON delivered the opinion of the court, March 3d 1879.

This bill in equity was filed to compel the plaintiffs in error to transfer certain shares of stock standing upon their books in the names of Robert F. Stockton, Richard Stockton and William H. Cuyler, trustees, and also to pay over certain dividends which have accrued upon said stock. All of said trustees were deceased at the time of the filing of the bill, and this proceeding was commenced by the executors of Richard Stockton, deceased, who was the surviving trustee. The executors are non-residents, as were also the deceased trustees. It was alleged in the bill that the trust under which the stock was held was created by the will of James Potter, a citizen of the state of Georgia, and domiciled therein at the time of his death; that by the laws of that state, where a testator in his will expressly provides, that in case of the death of a surviving trustee, his executors shall become trustees, such executors of the surviving trustee, though they may be created such executors by a will proved in another state, become and are the legal successors of such deceased trustee, clothed with all the estates and duties of such deceased trustee as fully and in the same manner as if they had been originally named as trustees in the will of the testator.

The answer of the defendants admits a portion of the averments of the bill, but they ask that the persons interested in the said trust estate may be made parties and demand the production of the wills of James Potter and Richard Stockton respectively, and of the letters testamentary granted to the executors of said Stockton. The answer further avers the willingness of the defendants to transfer the stock to the proper parties and to submit to such decree as shall seem just and equitable.

Upon the bill and answer as filed, the court below without the production of the documents referred to, made a decree requiring the company to transfer the stock in accordance with the prayer of the bill and also to pay over the dividends remaining due and unpaid. This decree is the subject of the several assignments of error.

It is not alleged that the plaintiffs in error are making any captious objection to the transfer. On the contrary, it is manifest they only desire the right of the complainants to be established with reasonable certainty. This would seem the more necessary from the fact that if a mistake is made they would not be protected by the decree, for the reason that the parties beneficially interested in the stock are not made parties, and would not be bound by any decree made without notice to them. Before the strong arm of a chancellor

is put forth to compel the transfer of this stock, we must see that the plaintiffs in error are not exposed to the danger of a suit by the parties in interest.

This record does not furnish satisfactory evidence of the right of the complainants to the transfer. The important papers, oyer of which was asked by the defendants, are not produced. They might have sustained the allegations of the bill. But this decree is too severe and too summary to be based upon conjecture or probabilities. The learned judge of the court below appears to have realized the force of this when he so framed the decree as to order the transfer to be made upon the production of the papers referred to, and their deposit with the defendants, accompanied with affidavits of the deaths of Robert F. Stockton and William H. Cuyler, prior to the death of Richard Stockton. Mere ex parte affidavits would not furnish the evidence upon which a final decree could be made with safety, and the papers when produced might show that the appellees were not entitled to have the transfer made.

We need not discuss the question of jurisdiction. There was no demurrer to the bill, and this point was not seriously pressed upon the argument.

> The decree is reversed and the bill dismissed without prejudice; the costs to be paid by the appellees.