## Miller's Estate.    Miller's Appeal. (1)

[Marked to be reported.]

*Will—Issue devisavit vel non—Orphans' court—Jurisdiction—Practice—Estoppel—Witness—Parties.*

Where the heirs at law of a decedent are not voluntarily parties to an issue devisavit vel non, or have not been brought in by citation, the orphans' court has no jurisdiction to settle finally the validity of the will against such of the heirs as are not parties to the proceedings.

In such a case the fact that one of the heirs who was not a party appeared as a witness, does not estop him from subsequently instituting proceedings on his own behalf to set aside the will.

*Will—Election to take under will—Estoppel.*

An election in pais to take under a will should be intelligently made, and should be unambiguous and positive in its character to amount to an estoppel.

Doubted whether the receipt of money by a legatee claiming to be entitled to receive it, and much more as an heir at law, can be treated as an election to affirm the will.

*Issue devisavit vel non—Repayment of legacy by legatee—Estoppel.*

A legatee who has received his legacy, and afterwards concludes to contest the will, may return the legacy to the executors and so relieve himself from the operation of the general rule that forbids him to take under the will that which testator gave him, and at the same time deny its validity as to others.

Argued Oct. 26, 1893.    Appeal, No. 44, Oct. T., 1893, by Alexander H. Miller, an heir, from decree of O. C. Allegheny Co., June T., 1893, No. 202, dismissing petition for leave to appeal from decision of register in admitting will of Alexander H. Miller, deceased, to probate.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Petition for leave to appeal from register.

The facts appear by the following opinion of the court below, by OVER, J.:

"Alexander H. Miller died September 4, 1887, leaving to survive him six children, viz.: Z. McD. Miller, Hampton J. Miller, Alex. H. Miller, Mrs. V. B. Winston, T. H. Miller and F. C. Miller. On Sept. 10, 1887, the register admitted to probate a writing purporting to be his last will, wherein the principal part of his estate was given to F. C. Miller. On Oct. 13, 1888, the executors filed their account which came up for audit July 7th, and a decree was made July 12, 1890. Personal notice was given to A. H. Miller of the time fixed for the audit. On Aug. 31, 1889, Hampton J. Miller presented his petition sur appeal from the register, alleging that the paper admitted to probate by him was not the will of Alex. H. Miller; that he had not testamentary capacity, and that fraud and undue influence were used by F. C. Miller to procure it being made. No bond having been filed as required by the act of June 6, 1887, P. L. 359, this petition and appeal were dismissed on Jan. 4, 1890. On Jan. 18, 1890, Hampton J. Miller presented another petition, alleging that on the 17th of that month he filed an appeal duly perfected, from the decree of the register probating the alleged will, alleging testamentary incapacity and the exercise of undue influence and fraud, and praying that an issue be awarded to try these issues. A citation was granted on this petition directed to the executors. Florence C. Miller as executor and residuary devisee filed his answer, denying the averments in the petition. A. H. Miller, the present appellant, was present at the hearing on this appeal and was sworn and examined as a witness by the appellant. After hearing, this appeal was dismissed on April 29, 1890. In April, 1892, H. J. Miller filed a petition for a rehearing on said appeal and presented the affidavit of A. H. Miller in support of the petition, which was dismissed on April 19, 1892. F. C. Miller, on Sept. 20, 1890, presented his petition, averring that he was the residuary devisee under the will of A. H. Miller, deceased; that the devise was subject to the payment of annuities to Hampton J. Miller of $500 per annum, Alexander H. Miller of $500 per annum, and George W. Miller of $200 per annum, and praying that a decree might be made restricting the lien of the

annuities to a part of the residuary devise.  A citation was is-
sued and served on all the annuitants, an auditor appointed
and notice of the time and place of meeting before him and of
the filing of his report was also served on them, and on Dec. 13,
1890, a decree was made as prayed for.  On June 27, 1892,
Alex. H. Miller presented his petition, averring that on June 17,
1892, he appealed from the probate of the alleged will of A. H.
Miller, deceased, alleging testamentary incapacity, and that un-
due influence had been used by F. C. Miller to procure it, and
praying for an issue to try these questions.  Alex. H. Miller
has received from the executors the amount of his annuity
which has accrued to the date of this hearing.  Florence C.
Miller in his answer to this petition denied these allegations,
alleged that the issue raised had been adjudicated on the peti-
tion and appeal of H. J. Miller at No. 90, Jan. T., 1890, and
that Alex. H. Miller is estopped by reason of having accepted
his annuity under the will from asserting that it is invalid, and
for these reasons filed a motion to dismiss the appeal, upon
which motion the cause is now heard.

" The first question which arises in considering the motion
to dismiss this appeal is whether more than one appeal can be
taken to this court from the decision of the register admitting
an alleged will to probate.  Under the 13th section of the act
of March 15, 1832, Purd. Dig. 508, pl. 8, P. L. 138, when ob-
jections are made to the probate of a writing, the register has
the power to award a precept for an issue to the common pleas
court; but if, instead of awarding a precept, he admits or re-
fuses to admit the writing to probate under the 31st section of
the act, an appeal lies to the register's court to be convened by
him as directed in the 25th section.  The precept issued under
the 13th section commands the common pleas court to cause all
persons who may be interested as heirs, relatives or next of kin,
devisees, legatees or executors to be warned so that they may
become party to the action if they shall see cause.  And the
25th section, Rhone's O. C., 2d vol., page 437, pl. 18, provides
that notice shall be given of the time and place of holding the
register's court by citation or otherwise to all concerned.  The
register's court having been abolished and its jurisdiction vested
in the orphans' court, the appeal provided by the 31st section
of the act of 1832 now lies to it.  To comply with the provisions

of the 25th section requiring notice to all concerned, this court has by its first rule provided that, on petition sur appeal from the register, citations shall be granted to all persons interested to show cause why the action of the register should not be set aside. The purpose of giving notice to all interested persons, as required by the 13th section of the act as expressed in it, is that they may become parties to the action if they see cause; and it is obvious that is the purpose also in requiring notice of the time and place of holding the register's court to be given to all concerned by the 25th section, so that all persons interested might intervene if they saw fit, and that there should be but one issue or one appeal. If there can be as many issues devisavit vel non or appeals to this court as there are interested parties, it would lead to very absurd results. Hampton J. Miller, on Aug. 31, 1889, filed in our court a petition sur appeal, but as it appeared that he had not perfected the appeal by filing a bond before the register as required by the act of June 6, 1887, P. L. 359, the petition and appeal were dismissed, there being in point of fact under that act no appeal. On Jan. 18, 1890, he filed another petition sur appeal, upon which a citation was issued directed to the executors, an answer was filed by them and F. C. Miller residuary legatee and devisee, and, after hearing had, this appeal was dismissed and the decision of the register admitting the writing to probate thereby affirmed. No appeal has been taken from the decree dismissing his appeal, and, unless it be reversed, he is undoubtedly bound by it, and as to him there is a will. But if Alex. H. Miller has the right to a separate appeal on it the result might be that the will would be set aside.

" There would then be a will as to Hampton J. Miller, but none as to Alexander H. Miller. It is true that in the appeal of Hampton J. Miller the act of assembly and rule of court requiring notice to be given to all persons interested were not complied with ; that, however, was only an error in the procedure; the appeal itself was perfect and regular, and if this appellant A. H. Miller has any cause of complaint, his remedy is by application there to intervene to have the decree vacated and be allowed a hearing.

" ' Courts of probate will recall their own sentences for re-examination at the instance of parties interested who have

neither in fact nor in legal contemplation been privy to the pro-
ceedings upon which the sentences were based:' Redmond v.
Collins, 27 Am. Dec. 208. That he has no right to a separate
appeal seems clear both on reason and authority: Fraser v.
Jennison, 106 U. S. 191; Frazier v. Wayne, Circuit Judge, 39
Mich. 198. But even if this conclusion be not correct we think
that he is bound by the decree on the appeal of Hampton J.
Miller.

"In Wells, Res Adjudicata, section 576, it is said that 'The
proof of a will has been held to be a proceeding in rem because
it determined the status of the subject-matter; and the judg-
ment binds all persons whether parties to the record or not,
and is conclusive and effectual for all purposes.' This proposi-
tion is sustained by abundant authority : Ottinger v. Ottinger,
17 S. & R. 142; Cochran v. Young, 104 Pa. 333; Warfield v.
Fox, 53 Pa. 382; Crippen v. Dexter, 13 Gray, 330; Patton Exs.
v. Allison, 7 Humphrey, 320. The original proceedings before
the register being in rem, all subsequent proceedings are neces-
sarily to some extent at least of the same character.

"They are to be distinguished therefore from mere personal
actions, where parties are not bound by the judgment or decree
unless they voluntarily appear or are served with summons as
required by law.

"The 25th section of the act of 1832 does not designate any
particular form of notice, nor how or when it shall be served.
It directs only that notice of the time and place of holding the
register's court shall be given by citation or otherwise. No ci-
tation was issued nor notice directed to be given to A. H. Mil-
ler on the petition sur appeal of Hampton J. Miller. But he
had actual notice of the time and place of hearing the appeal
in some way, as he appeared in court, and was sworn and ex-
amined as a witness on the part of the appellant. This was
certainly equivalent to the notice required by the act and an-
swered the purpose. He aided the appellant by his testimony
to support the appeal, was mutually interested with him in pros-
ecuting it, and for all practical purposes was a party to it, and
if it had been sustained he would have been benefited by it.
Had he desired to become a formal party to the record it was
his duty then to have asked to intervene: Johnston's Ap., 4
W. N. 80. He also had actual notice of the application for a

rehearing on the appeal of Hampton J. Miller, as his affidavit was presented to the court in support of the motion. In the proceedings instituted by F. C. Miller, the residuary devisee, to have the lien of the annuities restricted to certain real estate, A. H. Miller was made a party. He then raised no question as to the validity of the will, but has accepted and been paid his annuity accruing under it to the present time. In view of all these facts this appellant is surely bound by the decree in the appeal of ·Hampton J. Miller, especially as the grounds of contest there were the same as alleged here, and ·that appeal was heard and decided upon its merits. To hold otherwise would be to permit him to trifle with judicial proceedings."

*Error assigned* was dismissal of petition.

*W. H. Tomlinson* and *Charles E. Hogg, S. M. Raymond* and *Edward Campbell* with them, for appellant.—The jurisdiction of the orphans' court cannot attach until the proper parties are brought on the record or their absence accounted for, and any judgment therein, without the record showing the names of the parties interested in the litigation and legal service on all such parties, is void, for want of jurisdiction : Cadmus v. Jackson, 52 Pa. 295; Acts of Feb. 24, 1834, P. L. 77 ; March 29, 1832, P. L. 207 ; March 15, 1832, P. L. 139; April 22, 1856, P. L. 533 ; McKee v. McKee, 14 Pa. 236 ; The Mary, 3 Peters' Condensed R. 312 ; Comr. of Pilotage v. Law, Charlton (Ga.) 298 ; Jones v. Kenny, Hardin, 96 ; Com. v. Green, 4 Whart. 568 ; Ege v. Sidle, 3 Pa. 124 ; Ragan's Est., 7 Watts, 440 ; Jackson v. Brown, 3 Johns. 459 ; Anshutz's Ap., 34 Pa. 375 ; Thompson v. Stitt, 56 Pa. 156 ; Const. of Penna., art. 5, § 22 ; Ake v. Feay's Ap., 74 Pa. 116 ; Hegarty's Ap., 75 Pa. 503.

If more than one appeal is to be avoided all parties in interest must have notice thereof: 1 Barton's Ch. Pr. 226 ; Chamber's Est., 3 W. N. 188 ; Sheets v. Whitaker, 7 W. N. 403 ; Richards v. Rote, 68 Pa. 248 ; Masterson v. Herndon, 10 Wall. 416 ; Feibelman v. Packard, 108 U. S. 14; Estis v. Trabue, 128 U. S. 225 ; Minter v. People, 29 N. E. R. 45 ; Williams v. Bank, 11 Wheat. 414 ; Owings v. Kincannon, 7 Pet. 399 ; Heirs of Wilson v. Ins. Co., 12 Pet. 140 ; Todd v. Daniel, 16 Pet. 521.

The notice of appeal must be given to all parties in interest,

or the appeal will be dismissed: Wade on Notice, § 1218; Storey v. Storey, 11 N. E. R. 217; Brown v. Trexler, (Ind.) 31 N. E. R. 572; Hutts v. Martin, 30 N. E. R. 698; Holloran v. Midland Ry., 28 N. E. R. 549; Curtin v. Atkinson, (Neb.) 46 N. W. R. 91.

This is not a case where a plea of estoppel should be interposed. Appellant submits it to this court that, to justify any tribunal in enforcing an estoppel, the most imperative necessity to enforce it must exist: Andrews v. Lyons, 11 Allen, 349; Water's Ap., 35 Pa. 527; Lounsbury v. Depew, 28 Barb. 44; 1 Herman on Estoppel, 7; Leicester v. Rehoboth, 4 Mass. 180; Owen v. Bartholomew, 9 Pick. 520; Martin v. Ives, 17 S. & R. 364; Dushane's Ap., 4 W. N. 78; Patterson's Ap., 116 Pa. 8.

A proceeding to contest a will is one inter partes, not strictly in rem, but only analogous to proceedings in rem: Malone's Adm'r v. Hobbs, 1 Robinson (Va.) 389; Bradford's Will, 1 Pars. Eq. 153; Dower v. Church, 21 W. Va. 53; Connolly v. Connolly, 32 Gratt. 657; Kincheloe v. Kincheloe, 11 Leigh, 409; 1 Barton's Ch. Pr. 562, § 172; Code W. Va. 1879, 664, § 32; Rev. St. U. S. § 913.

Appellant is not estopped by the decree in the appeal of Hampton J. Miller because the court acted without jurisdiction therein: 1 Herman on Estoppel, § 57; Mayer v. Adams, 27 W. Va. 244; Brown v. Crompton, 8 T. R. 431; Davison v. Gill, 1 East, 71; Gorrill v. Whittier, 3 N. H. 268; Com. v. Coombs, 2 Mass. 490; Walker v. Wynne, 3 Yerg. 73; McCulloch v. Foster, 4 Yerg. 162; Walker v. Turner, 9 Wheat. 548; Starr v. Scott, 8 Conn. 483; Reg. v. Powell, L. R. 8·Q. B. 407; Underwood's Case, 3 Cowen, 59; Bigelow v. Stearns, 19 Johns. 39; Borden v. Fitch, 15 Johns. 121; Smith v. Bouchier, 2 Str. 993; Mickel v. Hicks, 19 Kans. 578; Bloom v. Burdick, 1 Hill, 130; Dakin v. Hudson, 6 Cowen, 221; Messinger v. Kintner, 4 Binn. 97; Smith v. Rice, 11 Mass. 507; Thatcher v. Powell, 6 Wheat. 119; Jackson v. Esty, 7 Wend. 148; Rea v. McEachron, 13 Wend. 465; Atkins v. Kinnan, 20 Wend. 241; Ferguson v. Crawford, 70 N. Y. 264; Adams v. R. R., 10 N. Y. 333; Doty v. Brown, 4 How. Pr. 430; Visscher v. R. R., 15 Barb. 46; People v. Board of Police, 6 Abb. 164; 26 Barb. 485; Van Syke v. Sheldon, 9 Barb. 284; Stanton v. Ellis, 16 Barb. 323; R. R. v. Erie Co., 48 N. Y. 99; People v. Spen-

cer, 55 N. Y. 4; Brown v. Mayor, 6 T. & C. (N. Y.) 166; Ludlow v. Ludlow, 1 South. 189; Tenbrook v. McColm, 5 Hal. 333; Bray v. Neill, 6 C. E. Greene, 343.

Appellant is not estopped from prosecuting his own appeal, in the manner prescribed by law, because he appeared as a witness in the attempted appeal of Hampton J. Miller: 1 Herman on Estoppel, 67; Wade on Notice, § 1146; Peabody v. Phelps, 9 Cal. 213; Jones v. Kenny, Hard. 96; 1 A. & E. Ency. 86; Blackwood v. Brown, 32 Mich. 104; Wright v. Andrews, 130 Mass. 149; York v. Steele, 50 Barb. 397; Schrauth, v. Bank, 86 N. Y. 390; Parker v. Moore, 59 N. H. 454; Schroeder v. Lahrman, 26 Minn. 87; Minter v. People, 29 N. E. 44; Floyd v. Floyd, 90 Ind. 130.

Accepting devises and legacies under a will does not preclude the party from contesting the validity thereof: 1 Barton's Ch. Pr. 222; Malone's Admr. v. Hobbs, 1 Rob. (Va.) 390; Hindert v. Schneider, 4 Bradwell's Ill. Ap. 203; Yorkley v. Stinson, 97 N. C. 236; Fredenburg v. Church, 37 Mich. 476; Jenks v. Howland, 3 Gray, 536; Gwin v. McCarroll, 9 Miss. 351; Enos v. Smith, 15 Miss. 85; Rabbitt v. Doe, 4 Ind. 355; Peters v. Peters, 8 Cush. 529; Woodruff v. Taylor, 20 Vt. 65; Ins. Co. v. French, 18 How. 406; Thompson v. Stitt, 56 Pa. 156; Young v. Young, 88 Pa. 422; Wall v. Wall, 123 Pa. 545.

*Edwin W. Smith* and *James H. Reed, P. C. Knox* with them, for appellee.—An offer of a will for probate is the beginning of a judicial proceeding, and anything done after the probate is but a step in a continuous action: Wickersham's Ap., 75 Pa. 336; Act of March 29, 1832, P. L. 207.

The probate of a will is a judicial decree in rem, and is conclusive upon all persons: Coates v. Hughes, 3 Binn. 498; Thompson v. Thompson, 9 Pa. 234; Rowland v. Evans, 6 Pa. 435; Holliday v. Ward, 19 Pa. 485; Ottinger v. Ottinger, 17 S. & R. 142; Warfield v. Fox, 53 Pa. 382; Wilson v. Gaston, 92 Pa. 207; McCort's Ap., 98 Pa. 33; Cochran v. Young, 104 Pa. 333; Wells, Res Adjudicata, § 576; Freeman on Judgments, 319; Herman on Estoppel, 377; Black on Judgments, § 633; Dublin v. Chadbourn, 16 Mass. 433; Brigham v. Fayerweather, 140 Mass. 411; Patton's Exrs. v. Allison, 7 Humphrey, 320; Fry v. Taylor, 1 Head, 594; Wills v. Spraggins, 3 Gratt. 555.

There can be but one appeal from the decree of probate: Ottinger v. Ottinger, 17 S. & R. 142; Wilson v. Gaston, 92 Pa. 207; Fraser v. Jennison, 106 U. S. 191.

Having been in court as a witness upon the hearing of Hampton J. Miller, having filed an affidavit with the petition of Hampton J. Miller, Jr., appellant has no right to a separate appeal: Ottinger v. Ottinger, 17 S. & R. 142; Montgomery v. Grant, 57 Pa. 243; Robbins v. Chicago City, 4 Wall. 657; 1 Wms. Exrs. *337; Newell v. Weeks, 2 Phillimore, 239; Bell v. Armstrong, 1 Add., sec. 365; Ratcliff v. Barnes, 2 Sw. & Tr. 486; Wytcherley v. Andrews, L. R. 2 P. & D. 327; Fry v. Taylor, 1 Head, 594; Connell's Est., 4 W. N. 80; Williams on Exrs. 284; Montgomery v. Grant, 57 Pa. 243.

Having received his legacy under the will up to the time of the hearing, Alexander H. Miller, Jr., is estopped from contesting the validity of the will: 1 Jarman on Wills, note, *31; Bell v. Armstrong, 1 Add. Ecc. 365; Braham v. Burchell, 3 Add. Ecc. 243; Wise v. Rhodes, 84 Pa. 402; Hamblett v. Hamblett, 6 N. H. 333; Cox v. Rogers, 77 Pa. 160; Fulton v. Moore, 25 Pa. 468; Fenstermacher v. Moyer, 35 Pa. 354; Trustees v. Bank of U. S., 2 Parsons, 147; Irwin v. Tabb, 17 S. & R. 423; Adlum v. Yard, 1 Rawle, 163; Herman on Estoppel, § 619; Jackson v. Thompson, 6 Cowan, 178; Des Londes v. New Orleans, 14 La. An. 552; Smith v. Guild, 34 Me. 443; Landis v. Landis, 1 Grant, 248.

OPINION BY MR. JUSTICE WILLIAMS, February 12, 1894:

The appellant is a son and heir at law of Alexander H. Miller, the testator. His father left an estate valued at about a half million of dollars. Six children survived him, five sons and one daughter. By his will he gave the bulk of his estate to one son, F. C. Miller, and made him one of his executors. The appellant was practically disinherited. He came into the orphans' court within the time allowed him by law, by petition asking leave to appeal from the decree of the register admitting the will to probate, and that an issue devisavit vel non be made up and certified to the court of common pleas of Allegheny for trial. He alleged the mental incapacity of the testator to make a will at the time when the alleged will was executed; and he further alleged that undue influence had been exercised over

the mind of the testator by F. C. Miller, the executor and de-
visee of nearly all of the testator's fortune. A citation to the
executors and heirs at law was duly issued and served, and ap-
pellant began the work of taking testimony preparatory to a
hearing in the orphans' court. While this was in progress the
executors moved to dismiss the petition for reasons set up in
their answer. This motion was heard and granted, and the
petition was dismissed without any hearing upon the merits.
This appeal was then taken to bring the decree so made, before
this court for examination.

It is not denied that the petition was sufficient in form and
substance, nor that it was presented within the time allowed by
law, nor that proper parties were before the court to enable it
to make a decree that should conclude all parties entitled to be
heard. But the executors contended, and the orphans' court
held, that the appellant was estopped from contesting his father's
will upon two grounds. These were, first, that his brother H. J.
Miller had presented a similar petition a year or more before,
which had been heard and dismissed by the orphans' court;
and that upon the hearing in that case A. H. Miller had been
examined as a witness. For this reason the orphans' court held
him to be bound by the decree made in that case, although
he had not been a party to it; and, second, that having re-
ceived some small sums from the executors which the testator
had directed should be paid to him, he had affirmed the will,
and was estopped for that reason also from contesting it. We
will consider these grounds for an estoppel very briefly, and in
their order.

On turning to the record of the proceedings upon the peti-
tion of H. J. Miller, we find that the citation issued at his in-
stance was served upon the executors only. No one of the
heirs at law was brought in either as co-petitioner or respond-
ent. The court had but two of the six children of the testator
before it. This fact is conceded, in the opinion of the orphans'
court, delivered on the dismissal of the appellant's petition in
this case. The court said: " The act of assembly and the rules
of court requiring notice were not complied with " upon the pe-
tition of H. J. Miller, but immediately added that such fail-
ure to comply with the law was " only an error in procedure "
that did not affect the jurisdiction of the court or diminish the

conclusiveness of the decree.   Having thus settled the question
of jurisdiction, the court brought the appellant into the case
and held him concluded, not because he was a party or in priv-
ity with the parties, but because he was a witness and was ex-
amined as such.   We cannot adopt either of these conclusions.
The orphans' court is not a common law court.   It was created
and its jurisdiction defined by the statutes of this state ; and
outside of the lines drawn for it it is without power, and its
decrees are a nullity : Weyand v. Weller, 2 Gr. 103 ; Fretz's
Appeal, 4 W. & S. 433 ; Ake's Appeal, 74 Pa. 116.   With but
two of the testator's children before it, when a decree was
made, it could not bind the four who had neither come in vol-
untarily nor been brought in by the citation.   If it could not
bind them, then it had no jurisdiction to settle finally the
validity of the will at the stage of the proceedings then reached.
It should have brought in all persons interested as heirs at law,
devisees, or legatees, as well as the executors ; and when all
were on the record as appellants or appellees the orphans' court
could have proceeded intelligently to hear and determine the
questions raised.   The question asked by Nicodemus nearly
nineteen hundred years ago, " Doth our law judge any man
before it hear him ? " admitted of but one answer then, or at
any time since.   The learned judge correctly described the
failure to bring in the parties interested as an error in proced-
ure ; but when a court of limited jurisdiction is pursuing a stat-
utory proceeding, an error in procedure that is a violation of
the statute, or that disregards the conditions on which its right
to proceed rests, may leave the court without jurisdiction, and
its acts coram non judice.   The suggestion that, being a witness,
the appellant is estopped from asserting that he was not a party
to the appeal of his brother, is a clear mistake.   There are
some cases in which actual knowledge of the pendency of an
action at law, or the existence of an incumbrance, or the like,
may take the place of legal notice ; but I know of no case where
one who has been examined as a witness is, by reason of that
fact alone, concluded by the judgment or decree rendered in
the case.   There must be other circumstances shown connect-
ing him directly with the litigation, as in fact a party to it, be
fore he can be held bound by the result.   Several cases have
been cited in support of the general proposition that the appel-

lant and all the parties interested in the testator's estate are bound by the decree dismissing the petition of H. J. Miller, but none of them come up to the question.   Warfield v. Fox, 53 Pa. 382 ; Wilson v. Gaston, 92 Pa. 207, and Cochran v. Young, 104 Pa. 333, were actions of ejectment brought after the five years for appealing from the decree of probate had expired. They were attempts to impeach the decree of probate and the validity of the will in a collateral proceeding, which we said could not be done.   What is said in these cases about the conclusiveness of the decree of probate, refers to the effect of such decree after five years have passed without an appeal from it. In Hegarty's Appeal, 75 Pa. 503, the important question was whether the effect of the decree extended beyond the execution of the will and its authentication, as the last will and testament of the testator.   It was there held that the decree settled two things, viz.: that the paper probated was the last will of the testator and that it was executed in accordance with the law.   Other questions relating to its construction and legal effect were left to be settled when they should arise.   It is well settled that in disposing of questions like that raised in this case, the orphans' court exercises an equitable jurisdiction. It adopts the equity forms, and applies the rules and principles of equity.   The rule in equity requires all parties in interest to be made parties to the proceeding in which their interests may be affected, and if not brought in, a chancellor should dismiss the bill for want of proper parties : Gloninger v. Hazard, 42 Pa. 389 ; The Coal Company's Appeal, 88 Pa. 499 ; Lance's Appeal, 112 Pa. 456 ; Phila. v. River Front Railroad Co., 133 Pa. 134 ; Natural Gas Co. v. Douglass et al., 130 Pa. 283.   We conclude therefore that the decree of dismissal in the proceeding begun by H. J. Miller was right, but that it should have been made for want of proper parties and for no other reason. It does not therefore stand in the way of the appellant in this case or any other heir at law of the testator.   It was not an adjudication upon the merits, for the court did not have the parties in interest before it, and was in no position to make a final decree.

The remaining question is over the effect of the receipt by the appellant of some small sums of money paid to him by the executors in compliance with the directions of the will.   Is he

estopped by the receipt of this money? The general rule is that one who accepts a benefit under a will cannot deny the validity of that instrument. He cannot affirm the will so far as it is beneficial to himself and deny its validity as to others who are named as beneficiaries. Zimmerman v. Lebo, 151 Pa. 345. But an election in pais to take under a will should be intelligently made and should be unambiguous and positive in its character to amount to an estoppel. Dickinson v. Dickinson, 61 Pa. 401. Whether the receipt of money by a legatee claiming to be entitled to receive it, and much more, as an heir at law, can be treated as an election to affirm the will, is, to say the least, very doubtful; but if, for the purposes of this case, we leave the conclusion reached by the court below on this question undisturbed, we do not think that the conduct of the appellant is of such a character as to amount to an irrevocable election to take under the will. The rule seems to be that a legatee who has received his legacy, and afterwards concludes to contest the will, may return the legacy to the executors and so relieve himself from the operation of the general rule that forbids him to take under the will that which testator gave him, and at the same time deny its validity as to others. The earliest case upon the subject appears to be Bell v. Armstrong, in 1 Addams, 365. In that case the next of kin had acquiesced in the probate of a will, and received a legacy under it. It was held that he was not estopped from contesting the will by the mere acceptance of the legacy, but that he might bring into court the money he had received and proceed with the contest. This case was followed by Braham v. Burchell, 3 Addams, 243, in which the contesting legatee was required to bring the legacy into court to abide the event of his contest. Hamblett v. Hamblett, 6 N. H. 333, was an appeal from a decree of probate by a legatee who had accepted the legacy. The proponent did not deny his right to appeal, but applied to the court for a rule on him to bring in the legacy before proceeding further to contest the will. The rule was granted and after hearing made absolute. The precise point does not seem to have arisen in this state. Cox et al. v. Rogers, 77 Pa. 160, was a case in which the legatee had received the benefit provided for her by the will, and had died without any effort to contest its validity. Her heirs at law sought to contest it. It was held that her accept-

ance and retention of the legacy estopped her and those claiming under her from denying the validity of the will. Wise v. Rhodes, 84 Pa. 402, involved substantially the same question. A married woman devised certain real estate to her sister on condition that she would take care of the husband of the testatrix, then an old and feeble man, and provide for him a comfortable maintenance during his natural life. After the death of testatrix, the devisee, at the request of the husband, took possession of the real estate, and assumed the care and maintenance of the husband of her deceased sister. Several months later he changed his mind and desired to take against the will of his wife. He was held to be estopped under the circumstances of the case by his election and his enjoyment of the care and maintenance provided for him. In both cases the rule laid down in Dickinson v. Dickinson, supra, was followed, and in Cox et al. v. Rogers it was restated thus: " Such election to be binding must be evidenced by unequivocal acts, clearly proved, must be made with a full knowledge of the facts, and the burden of showing this is upon him who alleges that an election has been made." It would seem to be a fair deduction from our cases that where the acts set up are equivocal, or were done in ignorance of the rights of the doer, or where they consist merely of the receipt of a pecuniary legacy, and the money is returned before the appellant proceeds beyond the entry of his appeal, they will not amount to an estoppel.

The decree of the court below is reversed, and the record is remitted with directions to the orphans' court to proceed in accordance with this opinion.