# White's Estate.

*Decedent's estates—Widow's election—Auditor's findings of fact.*

An auditor's findings of fact that a widow had made no express election to take under her husband's will not be reversed by the appellate court where the finding is based on sufficient evidence, confirmed by the court below, and is not the result of any manifest error.

*Decedent's estates—Widow's election—Will—Election in pais.*

In order that the acts of the widow shall be regarded as equivalent to an election to take under the will, it is essential that she act with a full knowledge of all the circumstances and of her rights, and it must appear that by her acts she intended to elect to take the provision which the will gave her. These acts must be plain and unequivocal, and be done with a full knowledge of her rights and the condition of the estate.

552, (1903).]          Syllabus—Opinion of the Court.

Testator gave to his wife her living upon his farm and sufficient cloth-
ing.   He gave his farm to his son, who was made executor.   The widow
lived on the farm with the son two years.   The son gave her no clothing.
He paid some of the decedent's debts and two small legacies.   There
was no satisfactory evidence that the widow knew of these payments.
After the expiration of two years from decedent's death, the widow cited
the son to file an account.   When the account was filed the widow ex-
cepted to it, and an auditor was appointed to take testimony and pass
upon the exceptions.   He sustained some of the exceptions.   The auditor
also found as a fact that there had been no express or implied election by
the widow to take under the will of her husband.   The widow having
shown a prima facie right to demand an account, and the question of
election in pais to take under the will being left in doubt by the proofs,
the court concluded that that question ought to be left open for deter-
mination upon distribution, or other appropriate proceedings for the ad-
judication of the widows rights and upon the proofs there presented, and
confirmed the report.   *Held* that the court committed no error of which
the accountant had just cause to complain.

Argued May. 18, 1903.   Appeal, No. 16, April T., 1903, by
Bernard White, from decree of O. C. Crawford Co., May T.,
1900, No. 34, dismissing exceptions to auditor's report, in es-
tate of Daniel White, deceased.   Before RICE, P. J., BEAVER,
ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Af-
firmed.

Exceptions to report of C. V. Johnson, Esq., auditor.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing exceptions to auditor's
report.

*H. J. Humes & Son*, for appellant.—The widow of Daniel
White is not so interested in his estate as to be a party entitled
to file exceptions: McCay v. Clayton, 119 Pa. 133; Broe v.
Boyle, 108 Pa. 76; McCort's App., 98 Pa. 33; Wilson v. Gas-
ton, 92 Pa. 207; Compher v. Compher, 25 Pa. 31; Neely v.
McCormick, 25 Pa. 255; Baskin's App., 38 Pa. 65; Dodson's
App., 25 Pa. 232; Weaver's App., 18 Pa. 307.

*Thomas Roddy*, for appellee.

OPINION BY RICE, P. J., November 16, 1903:

Daniel White, the testator, died March 28, 1898.   His will
was probated and letters testamentary were issued to Bernard

White, the accountant and appellant, about a week later. In August, 1900, pursuant to a citation issued upon the petition of the widow, the executor filed an account which was excepted to by the widow. An auditor was appointed " to take testimony and pass upon the exceptions." He sustained some of the exceptions. The case comes before us on the appeal of the accountant from the decree confirming the auditor's report. The appellant claims that the widow had no standing to except to his account, and upon that proposition alone he bases his demand for a reversal of the decree.

After the gift of four pecuniary legacies the will reads as follows : " 5th. I give and bequeath to my beloved wife her living upon the place and sufficient clothing. 6th. I give and bequeath to my son Bernard H. White my real estate and personal property after paying from the same the several legacies already named." On June 20, 1900, the widow, by paper served on the executor, demanded her rights under the intestate laws, refusing to take under the will. " This," say counsel for appellant, " was too late, she having lived with Bernard White, the accountant, from March 28, 1898, the date of the death of her husband, until May 29, 1900 ; under the terms of the will she therefore is not a proper party to file exceptions as all the property of Daniel White was by his will vested in the son Bernard White, subject to certain legacies and his mother's support." Passing the question whether the provision of the will as to " sufficient clothing " would not give the widow standing as a legatee to inquire into the administration of the personal estate (see 18 Am. & Eng. Ency. of L., 2d ed. p. 710), we remark that it cannot be successfully contended that the right of the widow to elect to take under the intestate laws was barred by mere lapse of time, and that alone. What is claimed is that the right was barred by a previous election to take under the will which it would be inequitable to permit her to revoke. In support of this contention the appellant testified that in a conversation which took place between him and the appellee shortly after the probate of the will she declared that she knew her rights and would stand by the will. But this assertion was denied by her. The auditor evidently did not credit the appellant's statement, and we cannot hold that there was an express election without overruling his finding

upon this question of fact, which, after a careful examination of all the evidence, we think we would not be justified in doing. Was there an election in pais? In a note to Ludington v. Patton, 8 Am. & Eng. Dec. in Equity, at page 735, the rule is stated as follows: "In order that the acts of the widow shall be regarded as equivalent to an election to take under the will, it is essential that she act with a full knowledge of all the circumstances and of her rights, and it must appear that by her acts she intended to elect to take the provision which the will gave her. These acts must be plain and unequivocal, and be done with a full knowledge of her rights and the condition of the estate." Our own decisions are to the same effect. "An election in pais to take under a will, whether of husband or wife, should be clear and positive to prevent or estop a party from making it in a regular and proper form at law:" Dickinson v. Dickinson, 61 Pa. 401, citing Anderson's Appeal, 36 Pa. 476. So Judge PEARSON, whose opinion was adopted by the Supreme Court, said: "So careful have been the statutes of this state of the widow's rights that she cannot be called on to elect between a devise or a bequest and her dower or distributive share until after the expiration of one year from the death of the testator, when she may, by the 35th section of the act of 1832, be cited to come into the orphans' court and make an election. This gives her ample time to make herself acquainted with the situation of the estate. She may even compel an exhibition of the account to enable her to choose intelligently. The general rule is that the party is not bound to make an election until all the circumstances are known, and the state, condition and value of the funds are clearly ascertained; for until that is known it is impossible to make a discriminating and deliberate choice, such as ought to be binding in reason and justice." Further on in his opinion he says: "The election must be evidenced by plain and unequivocal acts, with full knowledge of the situation of the estate:" Kreiser's Appeal, 69 Pa. 194. "The authorities are clear that nothing less than unequivocal acts will prove an election, and they must be done with a knowledge of the party's rights, as well as of the circumstances of the case:" Woodburn's Estate, 138 Pa. 606. "Such election to be binding must be made with a full knowledge of the facts, and the burden of showing this is

upon him who alleges that an election has been made : "   Cox
v. Rogers, 77 Pa. 160, quoted with approval in Miller's Estate,
159 Pa. 562.   What then are the facts from which an election
to take under the will is to be implied and the widow estopped
to elect to take under the intestate laws ?   The accountant
says that he paid some of the debts and two small legacies but
there is no satisfactory evidence that the widow knew of, and
and by her silence or otherwise encouraged him to make, these
payments ; therefore no estoppel arises from this fact alone ;
although it must be conceded that it would have a very impor-
tant bearing on the case, if there had been a previous election,
express or implied to take under the will, which the widow
was claiming the right to revoke.   But, insists appellant, she
is estopped by her acceptance of the benefits of the provisions
of the will.   The facts are that after the death of her husband
she left the farm and went to live with the accountant; that
when he moved on the farm in November, 1898, she went with
him and continued to live with him from that time until the
latter part of May, 1900, with the exception of about three
months when she was visiting other relatives or friends.   There
is not the slightest evidence that he furnished her any clothing.
True, it appears that his wife gave her during this period $4.00
in money, but the widow on the other hand testified that she
contributed several times that sum towards the payment of
the funeral expenses of the testator.   There is then the bare
fact that this aged and dependent woman, when not enjoying
the hospitality of other friends or relatives, slept under her
son's roof and ate at his table during the period of two years
or a little over.   If he had been a stranger it perhaps might be
inferred she intended to accept the provisions of the will.   But
this is not the only inference that can be drawn ; on the con-
trary, owing to the relations between the parties and the moral
and legal obligations growing out of them, there is room to in-
fer, reasonably, from this acceptance of a partial support, that
she supposed that it was furnished in performance of the
filial duty which a son of sufficient ability owes to his aged
widowed and dependent mother.   The case is plainly distin-
guishable upon this ground from Wise v. Rhodes, 84 Pa. 402.
If, therefore, it were necessary to decide the question at this
time, and upon the proofs now presented, we are not convinced

that we ought to hold that an election to take under the will is "clearly proved by unequivocal acts."

But is it necessary to conclusively adjudicate the question at this time? The court below held that it was not, and this conclusion, it seems to us, is quite as favorable to the appellant as he had a right to ask upon the proofs before the court. The executor had failed in his duty to file an account. The widow's petition gave her a prima facie standing to demand an account (Melizet's Appeal, 17 Pa. 449), and, consequently, to except thereto. Her exceptions were in the main well taken; at least we must assume that they were meritorious, as the appellant has not seen fit to print all the testimony pertaining thereto. We are asked to reverse the decree sustaining them, and to direct the confirmation of an administration account, which not only improperly mingles distribution with administration, but in other respects has been found not to be a "just account," upon the ground that the widow is not a party interested. If it clearly and undeniably appeared, as it did in Young's Est., 202 Pa. 431, that she had elected to take under the will with full knowledge of her rights and the condition of the estate, possibly it would have been proper to dismiss her exceptions upon that ground. But it cannot be said that the proof of an election comes up to this standard. Such being the state of the case upon the proofs, and the widow having shown a prima facie right, the learned judge below concluded that the question whether there was an election in pais to take under the will ought to be left open for determination upon distribution, or other appropriate proceeding for the adjudication of her rights, and upon the proofs there presented. Upon this subject be said:

" Several findings with reference to the rights of the widow to take under the will and to her $300 exemption were made, which questions cannot be and are not determined in this case. No decree or order has been or can be made in these proceedings with reference thereto and accountant is not prejudiced thereby. It is not now necessary to determine these questions, though testimony concerning those subjects may have been necessary to give the widow a prima facie standing as an exceptant, had her right been questioned."

Further on in his opinion he said:

" The province of this account is simply to learn what he has received from the estate (and everything received is to be accounted for), and how much he has paid out on expenses and the debts of the decedent. The balance remains for distribution."

In so holding he committed no error of which the appellant has just cause to complain.

All the assignments of error are overruled and the decree is affirmed at the costs of the appellant.