Opinion by
Beaver, J.,
If the statement of the question involved contained all the facts and circumstances essential to the understanding of this case, it could be disposed of without difficulty under Miller’s Estate, 159 Pa. 562. The second paragraph of that statement presents the case as argued and relied upon by the appellants: “ Where two of four defendants have not been served and have not appeared nor pleaded nor taken any part in the cause except to appear as witnesses, can a judgment be properly entered against all the defendants upon a verdict in favor of plaintiffs?” In support of the negative of the contention raised by this statement, counsel for the appellants quote from the opinion of Mr. Justice Williams in Miller’s Estate, 159 Pa. *649 562, the entire pertinent sentences being as follows: “There are some cases in which actual knowledge of the pendency of an action at law, or the existence of an incumbrance, or the like, may take the place of legal notice; but I know of no case where one who has been examined as a witness is, by reason of that fact alone, concluded by the judgment or decree rendered in the case. There must be other circumstances shown connecting him directly with the litigation, as in fact a party to it, before he can be held bound by the result.”
No opinion was filed in the court below and we are left, therefore, largely to conjecture as to the reasons which influenced it in holding the appellants liable. The action is against four several defendants. There appears upon the writ an acceptance of service on behalf of William Browne and Bernard S. Browne by Edward P. Bliss, directing the prothonotary to enter an appearance for the said defendants, naming them. There is no return by the sheriff upon the writ.
In response to the statement of claim, an affidavit of defense was made by William Browne, one of the defendants, for whom the appearance was entered, in which it is stated “that the said defendants (all of them being mentioned in the caption) have.a just and true defense to the whole of the plaintiffs’ claim.”
In response to a rule to plead within fifteen days, which was filed December 2, 1902, a plea in the caption of which all the defendants are named was filed by Edward P. Bliss, attorney for defendants, stating that: “The defendants in the above entitled cause plead non assumpsit payment, payment with leave, etc.,” together with a special plea set forth at length. This was filed January 7, 1903.
On October 18,1904, the case was called for trial. It appears by the minutes that Messrs. O’Callaghan & Bliss appeared for the defendants. The jury was sworn without objection as to all of the defendants named. It is not specifically stated for whom Mr. O’Callaghan appeared, nor that his appearance was in any sense special. On October 19, a bill of costs was filed on the part of the defendants, in the caption of which all are named, and in the affidavit accompanying which, made by *650 Mr. Bliss, he states: “That he is attorney of record for the above named defendants,” etc. October 21, 1904, a motion for a new trial was filed in the caption of which all the defendants are named, which is signed E. P. Bliss, M. J. O’Callaghan, attorneys for defendants. October 31, 1904, the rule for a new trial was made absolute.
On October 12, 1906, the case having been continued, William Anderson, Jr., one of the appellants, made affidavit to, a bill of costs, in which he describes himself as “ one of the above defendants” and makes affidavit as to the presence and materiality of the witness.
On March 15, 1907, the case was again tried, the jury was sworn, as is not denied by the appellants, as to all the defendants. It appears from the record that no one represented the defendants at this trial and, on the same day, Edward P. Bliss presented a petition and motion for a new trial, in which he describes himself as “ the attorney for the defendants in above entitled suit.”
The rule granted upon this motion was made absolute and, on October 10, 1907, the case was again tried, Messrs. Bliss & O’Callaghan appearing for defendants. Again the jury was sworn as to all of the defendants and- not until a verdict had been rendered for the third time was any allegation heard that the present appellants were not properly in court. They made separate applications to the court to vacate the judgment, so far as they were concerned, in which, in their several petitions, they set forth “that the record in said suit shows that the process was not served upon the deponent; that no process was in fact served upon him; that deponent has never appeared or authorized an appearance to be entered for him, nor has he taken any part in said proceedings.” These petitions were answered and the facts, as hereinbefore stated, very fully set forth. The court refused to vacate the judgment.
The assignments of error cover the entry of judgment upon the verdict and the failure of the court to set aside and vacate the judgment as to the present appellants.
This record is as peculiar for what is not stated as for what is contained therein. There is no return by the sheriff, as to *651 any of the defendants, of non est inventus. There is no record anywhere as to the defendants for whom Mr. O’Callaghan appears, nor anything to limit the effect of his appearance and participation in the several trials. The plea does not state that it was made on behalf of those for whom an appearance was entered or on behalf of those who were represented by an attorney interpleaded with others. The jury was sworn three several times as to all the defendants, without an objection of any kind on the part of two learned members of the bar who represented the defendants, at least at two of those trials, and, in the printed reply of the appellants, allusion is made to but one of the attorneys, and it is stated that “in signing papers as attorney for defendant, he had in mind no other defendants than those for whom he appeared and whom he was authorized to represent.” Nothing whatever is stated as to the other attorney who appears before us and was actively concerned from the time of the first trial throughout all the proceedings.
Whatever the ground upon which the court below entered judgment against all the defendants, as to whom the jury was sworn and against whom a verdict was rendered, and refused to vacate the judgment so far as the present appellants are concerned, it seems to us that there was sufficient ground for so doing. This would seem to be one of the cases evidently in the mind of Mr. Justice Williams, in writing the opinion in Miller’s Appeal, supra, where it is said, as already quoted: “There are some cases in which actual knowledge of the pend-ency of an action at law, or the existence of an incumbrance, or the like, may take the place of legal notice.”
This is not a case where the fact of examination of the defendants as witnesses “stands alone.” There are many other “ circumstances shown, connecting the appellants directly with the litigation,” as in fact parties thereto, which are sufficient in our opinion to determine that they should “be held bound by the result.” See Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33; s. c., 197 Pa. 230. See also Southern B. & L. Assn. v. Penna. Fire Ins. Co., 23 Pa. Superior Ct. 88.
None of the assignments of error is sustained.
Judgment affirmed.