## Alexander H. Miller's Estate. Appeal of Alexander H. Miller, Jr.

[Marked to be reported.]

*Wills—Probate—Notice—Parties—Practice, O. C. & C. P.—Act 1856.*

If no caveat has been filed with the register of wills before the probate of a will has been made, the remedy of one desiring to contest the validity of the will is by an appeal from the decree of probate to the orphans' court. After an appeal the further proceedings are before the orphans' court until the precept is lodged in the common pleas. The orphans' court has the power to award or to issue citation to other persons interested until the issue goes to the common pleas. From that time on until trial and verdict the power and the duty to call in any omitted persons interested passes to the trial court.

If the record does not disclose the names of the several persons interested in the estate, and the appellant does not supply the necessary information, the application may be dismissed for that reason. If, however, the record does disclose the names of all necessary parties, or if the appellant offers, when an omission appears, to supply it by amendment or in any other proper way, the application cannot be dismissed for want of parties, for all that is needed in such a case is the process of the court to warn the persons who have not appeared of the pending application, or the issue, as the case may be.

If by any neglect an issue goes to trial and a verdict is taken in favor of the will by agreement without the knowledge of one or more of the persons interested, the verdict is not binding on such persons, but will be set aside at his request; or the omitted party will be allowed to take another appeal, if the time for so doing has not elapsed.

It is not necessary to make one of the parties in interest a party to the issue, against his will, but it is the duty of the court to notify him of the pendency of the proceeding, so that he may be able to act intelligently, and to take such position in regard to it as will best protect his own interest in the estate of the alleged testator.

Where an appeal has been taken within five years from the probate of the will, a party interested in the estate may be made a party to the proceeding after the expiration of five years from the date of the probate.

*Issue devisavit vel non—Repayment of legacy by legatee—Estoppel.*

A legatee who has received his legacy, and afterwards concludes to contest the will, may return the legacy to the executors and so relieve himself from the operation of the general rule that forbids him to take under the will that which testator gave him, and at the same time deny its validity as to others.

Argued Nov. 10, 1894.    Appeal, No. 314, Oct. T., 1894, by heir, from decree of O. C. Allegheny Co., June T., 1892,

No. 202, dismissing petition for leave to appeal from register of wills.  Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Petition of Alexander H. Miller for leave to appeal from decision of register admitting the will of Alexander H. Miller, deceased, to probate.

The facts appear by the following opinion of McILVAINE, P. J., of the 27th judicial district, specially presiding: ·

"Alexander H. Miller died Sept. 4, 1887.   He left a will, which was duly probated Sept. 10, 1887.   Among other things the testator provided that $500 should be paid annually to his son Alexander H. Miller, Jr., during his natural life; that $200 should be paid annually to his brother George W. Miller, and that 'all the rest and residue' of his estate, real and personal (after making some other bequests) should go to his son, Florence C. Miller.   He died seized of both real and personal property.   A final decree of distribution of personalty was made July 12, 1890, and the annuities of Alexander H. Miller, Jr., and George W. Miller (as well as those of some other beneficiaries under the will), which were a lien on all the real estate of the testator, the personal and real estate being blended in the residuary clause of his will, were, by an order of this court, after notice to the annuitants, specially charged on the property in Pittsburg, known as the Monongahela House, to the relief of other real estate.   The executors paid to Alexander H. Miller, Jr., his annuity up until June, 1892.

" "On June 27, 1892, Alexander H. Miller, Jr., presented his petition to this court stating that, on June 17, 1892, he had appealed from the probate of his father's will, and that he desired to controvert said probate on the ground that the decedent ' was incapable of making a will by reason of mental incapacity,' etc., etc., and prayed that ' a process ' might be awarded directing and commanding the executors, Florence C. Miller and James J. Donnell, and Zant McD. Miller, Hampton J. Miller, Florence C. Miller, Thomas Holmes Miller, and Mrs. Virginia B. Winston, and Alexander M., Virginia, Maria E., Joseph B., Crossan C., George H., Sallie, Lizzie, and Robert Winston, who under the said will, are devisees sharing equally in a legacy of $25,000, upon the decease of their mother, to answer this petition.

" On June 27, 1892, the court granted 'a citation, in accordance with the prayer of said petition, to be served upon Florence C. Miller, James J. Donnell, Zant McD. Miller, and all others named as parties therein.' The name of George W. Miller the legatee entitled to receive an annuity of $200, which was charged on the Monongahela House, was not named either in the petition or the citation which issued thereon; Zant McD. Miller and Hampton J. Miller were never served, but on Sept. 27, 1894, the day the present motion was argued, voluntarily appeared. On April 13, 1894, Alexander H. Miller, Jr., presented to this court, without notice to the proponents of the said will, his petition, setting forth under oath that George W. Miller did not appear as a party to the proceeding instituted by him in 1892; that his name had been omitted inadvertently and praying that the record might be amended by adding the name of George W. Miller as a respondent, and that a citation issue, which was duly served. George W. Miller on Sept. 8, 1894, appeared and filed his petition asking for a citation on Alexander H. Miller, Jr., to show cause why his appeal should not be dismissed, and on the same day Florence C. Miller filed a similar petition, citations issued and Alexander H. Miller, Jr., filed answers.

" In October, 1892, Florence C. Miller by his attorneys moved to dismiss this same appeal for the reason that Hampton J. Miller had unsuccessfully contested the will, and he was bound by the decree entered in that proceeding; and that having received his annuities up to June, 1892, he was estopped from denying the validity of the will. This court sustained the motion and dismissed the appeal. Alexander H. Miller, Jr., took an appeal to the Supreme Court and the decree of dismissal was reversed, the Supreme Court holding that as Alexander H. Miller, Jr., was not a party to the Hampton J. Miller contest, he was not bound by it, and that the decree, so far as the merits of the contest were concerned, was of no effect, as the Court also held that the simple receipt by Alexander H. Miller, Jr., of his annuity prior to June, 1892, when he filed his petition, was not sufficient evidence to establish an election to take under the will. This appeal was argued in the Supreme Court in October, 1892, and was taken and held under advisement until February 12, 1894.

" On January 11, 1894, Alexander H. Miller, Jr., filed his

petition in this court setting out among other things 'that a certain writing with the form and contents of a will and testament' of Alexander H. Miller, deceased, had been probated on Sept. 10, 1887; 'that in item two of the second codicil' of this will he is named as entitled to receive of his father's estate the sum of $500 annually; 'that Florence C. Miller the executor had not refused to pay said annuity until June 5, 1892, since which date he has received nothing on account of said annuity.' The petition then recites the proceedings in which the annuities were charged on the Monongahela House and prays the court by citation to call upon the said Florence C. Miller to show cause why he has not paid to him the said annuity according to the said order heretofore made by the court. This proceeding is still pending. No part of the annuities received by Alexander H. Miller, Jr., have been paid back to the executors.

"The petitioners George W. Miller and Florence C. Miller claim that their motion to dismiss this appeal should prevail for three reasons: (1) For want of proper parties. (2) That on April 13, 1894, it was too late to amend, the will having been probated on Sept. 10, 1887. (3) Because the appellant, by instituting his proceeding on Jan. 11, 1894, to collect his annuity, made an unequivocal election to take under the will.

"1. At the time the petitioners made their motion to dismiss that appeal, Sept. 8, 1894. Hampton J. Miller and Zant McD. Miller had not been served with the citation issued on June 27, 1892, and, so far as the record shows, had no knowledge of the proceeding, but on Sept. 27, 1894, the day of the argument, they voluntarily appeared by writing filed with the clerk of the court. This appearance and the service of the alias citation on George W. Miller on April 26, 1894, brought all the parties in interest before the court, the heirs at law, the executors and the legatees and devisees under the will, and there is now no want of proper parties.

"2. But granting that the proper parties are now in court, seven years after the probate of the will, the question arises, were they in court in time. This brings us to the consideration of the act of 1856, which provides 'that the probate by the register of the proper county of any will devising real estate shall be conclusive as to such realty, unless within five years from the date of such probate those interested to controvert it

shall, by caveat and action at law duly pursued, contest the validity of such will as to such realty.'

"It may now be considered as well settled that this act 'is not to be regarded simply as a statute of limitation, it is a provision for the greater certainty of title.' 'A will can now only be contested by caveat and action at law duly pursued,' and the contestant is restricted to the proceeding before the register, and an issue devisavit vel non directed by the orphans' court, and the contest 'by caveat and action at law duly pursued' must be within five years.

"What then must be done within the five years by one interested, to save the probate from becoming conclusive? What do the words 'by caveat and action at law duly pursued' mean? Evidently the act does not mean that a final decree or judgment against the validity of the will must be entered within five years of the date of the register's probate, otherwise his probate will become conclusive. Nor do we believe that it is necessary that all the parties interested should have notice of the contest or appeal within the five years. The speed of litigation and the time within which the process of the court may be served on a large number of persons scattered over our country, are not matters within the control of a contestant, and it would be unreasonable to hold him responsible for delay which he is unable to prevent. But the filing of a caveat with the register and the presentation of a petition in the orphans' court, and the procuring of the issuance of a citation, are matters within the control of one who wishes to contest the register's probate of a will, and in our opinion not only must the caveat and the accompanying recognizance required by the act of 1887, be filed with the register, but the petition of the contestant must be presented and a citation awarded and issued within the five years, otherwise the register's probate becomes conclusive. Filing a notice of contest and recognizance with the register is not enough; this is merely the preliminary step to the essential act in the commencement of a contest, which is the issuance of the citation by the orphans' court upon a petition in due form of law presented by one interested, to controvert the probate.

"One of the requisites of that petition and citation is that all the persons interested, the heirs at law, executors and legatees

and devisees, be made parties to the proceedings. Without this the court has no jurisdiction for want of proper parties, and it is incumbent upon one who starts a contest, and not on the courts, to see that persons interested are, by name or description, included in his petition and the citation awarded. If he fails to do this, he fails to effectually commence his contest. Miller's Estate, 159 Pa. 562; Rules of Court; Church v. Nelson, 35 O. 638; Atkins v. Billings, 72 Ill. 597; Mayer v. Adams, 27 W. Va. 244; Chambers's Estate, 3 W. N. 188.

" The question then arises, can he amend his petition by adding the names of those interested which may have been inadvertently omitted, and have an alias citation issued ? We think he can, but this cannot be done to the prejudice of the rights of the proponents of the will or any rights they may have acquired under the act of 1856, by the lapse of time, and to avoid this the date at which the court gets jurisdiction, the date of the amendment and the issuance of the alias citation is the date to which we must count to ascertain whether within five years ' by caveat and action at law duly pursued ' a contest has been made.

" George W. Miller, a brother of the deceased, under the will is entitled to receive an annuity of $200, and its payment is secured by the legacy being made a charge on the Monongahela House. Real estate, under the will, is devised to Florence C. Miller. On Sept. 10, 1892, the five years from the date of the probate of the will expired, and that probate, without an appeal effectively taken, became conclusive, and their rights under the will were beyond question. As we have seen, at that date the court was without jurisdiction for want of proper parties; the contestant had failed to state in his petition that which should have been stated; he failed to bring into court as a party one of the legatees, one who above all others was interested in having the register's probate sustained, as he would get nothing from the decedent's estate under the intestate law. No effort was made to amend and make this legatee a party until April 13, 1894, over six years and a half after the date of the probate of the will. A contest for the first time started at that date would surely be too late under the act of 1856, and we are of the opinion, where an amendment is asked for and made by bringing in a new party, and which is necessary to give jurisdiction, that

then to the date of amendment must we count in ascertaining whether or not the statute of limitation can be successfully pleaded. Furst v. B. & L. Association, 128 Pa. 183 ; Miller v. Bealer, 100 Pa. 583 ; Seipel v. R. R., 129 Pa. 425 ; Kaul v. Lawrence, 73 Pa. 410 ; Leeds v. Lockwood, 84 Pa. 73 ; Kille v. Ege, 82 Pa. 110. .

" 3. It will not be denied that the general rule is that one who accepts a benefit under a will cannot deny the validity of that instrument. He cannot affirm the will so far as it is beneficial to himself and deny its validity as to others who are named as beneficiaries. Let it be once established by unambiguous and positive acts or declarations of the legatee that he elected to take under the will and that an election has been intelligently made, then his right to contest the will is gone. The receipt of a legacy by a legatee will not of itself estop him from contesting the will. He may have taken the legacy offered him by the executor because as heir at law he believes himself entitled to the amount paid. The act of receiving under such circumstances is an equivocal act, or, if a legacy has ever been received as such and the legatee concludes, after such receipt, to contest, he can return the legacy or by permission pay it into court, and then enter or proceed with his contest ; but where a legatee has received installments of his legacy and refuses to return the money unless ordered to do so, and, because the executor stops further payment of the installments, institutes legal proceedings to compel the payment to him of his legacy, and can only obtain the decree of the court which he asks by affirming the validity of the will, we take it that this would be sufficient evidence to establish an unequivocal and positive election to take under the will, and that any contest that had been previously attempted had been abandoned ; and we hold that Alexander H. Miller, Jr., by the receipt of his annuity prior to June 5, 1892, followed up by his failure voluntarily to return the money when his right to hold it and maintain his contest is questioned, and by his instituting legal proceedings to enforce the further payment of his annuity and his failure to discontinue said proceedings when his right to maintain it and his contest is questioned, has elected to treat his father's will as valid so far as it is beneficial to himself, and having done this, he cannot contest it wherein it is beneficial to others. Anderson's Appeal, 36 Pa.

488; Preston v. Jones, 9 Pa. 460; Fenstermacher v. Moyer, 35 Pa. 354; Hamblett v. Hamblett, 6 N. H. 333.

"But it is argued that as the Supreme Court, in Miller's Appeal, No. 1, 159 Pa. 562, reversed the former decree of this court dismissing this appeal and remitted the record with directions ' to proceed in accordance with the opinion filed,' therefore this court can do nothing but proceed to take testimony and determine whether an issue should be granted or not, and that to sustain the present motion would be to reverse the Supreme Court or disobey its mandate. Nothing is further from our thoughts than the perpetration of an act of insubordination. If we were of the opinion that the Supreme Court had either directly or indirectly passed on the questions now raised by the proponents of this will, we would certainly overrule their motion, but we think the language of Mr. Justice WILLIAMS clearly shows what that court passed upon. On page 571 of the report to which I have referred, he says: ' It is not denied that the petition was sufficient in form and substance, nor that it was presented within the time allowed by law, nor that proper parties were before the court to enable it to make a decree that should include all parties entitled to be heard. But the executors contended and the orphans' court held that the appellant was estopped from contesting his father's will on two grounds. These were, first, that his brother H. J. Miller, had presented a similar petition a year or more before, which had been heard and dismissed by the orphans' court; and that upon the hearing in that case A. H. Miller had been examined as a witness; for this reason the orphans' court held him to be bound by the decree made in that case although he had not been a party to it; and, second, that having received some small sums from the executors, which the testator had directed should be paid to him, he had affirmed the will and was estopped for that reason from contesting it.'

"Since this was delivered the contestant himself has had his proceeding amended by bringing in, for the first time, a necessary party, and has done an act which not only throws light on his intention in receiving 'the small sums of money' referred to, but which in itself was an unequivocal affirmance of the validity of the will.

"On the whole case we are of the opinion: (1) That this

court did not have jurisdiction of the persons interested and of the matter in dispute after five years from the date of the probate of Alexander H. Miller's will. (2) That the amendment of the contestant's petition and the record which gave the court jurisdiction and which was made without the consent of or notice to George W. Miller, and the other proponents of the will, could not be made to the prejudice of their rights under the act of 1856, and under the provisions of that act the contestant was too late in having the record amended. (3) That the proceeding instituted by Alexander H. Miller, Jr., to enforce the payment of his annuity while his appeal from the decree of this court dismissing his contest was pending in the Supreme Court was an election to take under the will, and an abandonment of his contest that cannot, after the five years from the probate of the will has expired, be retracted."

The appeal was accordingly dismissed.

*Error assigned* was dismissal of petition.

*W. H. Tomlinson* and *Charles E. Hogg, Lazear & Orr* and *Edward Campbell*, with them, for appellant.—In order to put a party to his election under a will it is necessary that the testator shall give to another something that belongs to the party required to elect; and that he shall have given to the latter directly, and not derivatively or indirectly, a substantial donation by the will: 2 Redf. Wills, § 359, pl. 13; Bennett v. Harper, 36 W. Va. 546; s. c., 15 S. E. R. 143.

Matters of estoppel in pais consist of the acts or declarations of a person by which he designedly induces another to alter, injuriously to himself, his previous positions: Brown v. Wheeler, 17 Conn. 345; Kinney v. Farnsworth, 17 Conn. 355; Rangeley v. Spring, 21 Maine 130; Cummings v. Webster, 43 Maine, 192; Preston v. Mann, 25 Conn. 118; Whitacre v. Culver, 8 Minn. 103; Heath v. Bank, 44 N. H. 174.

There must be deception and change of conduct in consequence, to estop a party from showing the truth: Davidson v. Young, 38 Ill. 145; Wilson v. Casto, 31 Cal. 420; Andrews v. Lyon, 11 Allen, 349; Hazelton v. Batchelder, 44 N. H. 40; Brubaker v. Okeson, 36 Pa. 519; Diller v. Brubaker, 52 Pa. 498; Darrah v. Bryant, 56 Pa. 69.

An estoppel can never be allowed where it would itself per-petrate fraud, work injustice or fail to protect the innocent: Mills v. Graves, 38 Ills. 455; Copeland v. Copeland, 28 Me. 525; Com. v. Moltz, 10 Pa. 527; Eldred v. Hazlett, 33 Pa. 307; Shaw v. Beebe, 35 Vt. 205; Bean v. Pettengill, 7 Robt. N. Y. 7; Bray v. Flickinger, 69 Iowa, 167; Brubaker v. Oke-son, 36 Pa. 519; Thompson's Est., 42 Pitts. L. J. 120; Andrews v. Lyons, 11 Allen, 349; Waters's Ap., 35 Pa. 527; Louns-bury v. Depew, 28 Barb. 44; Leicester v. Rehoboth, 4 Mass. 180; Martin v. Ives, 17 S. & R. 364; Buckingham v. Hanna, 2 Ohio St. 551; Burgess v. Bowles, 99 Mo. 543.

In Pennsylvania an election by matter in pais will not be determined by the receipt of specific articles devised to a lega-tee, without something more; nor by a proceeding in a court under the will: Duncan v. Duncan, 2 Yeates, 302; Anderson's Ap., 36 Pa. 476; Dickinson v. Dickinson, 61 Pa. 401; Kreiser's Ap., 69 Pa. 194; Zimmerman v. Lebo, 151 Pa. 345; Miller's Ap., 159 Pa. 562; Seabright v. Seabright, 33 W. Va. 152; McCoy v. McCoy, 29 W. Va. 794; 1 Herman on Estoppel, 117.

The acceptance of a legacy by the heir under a will does not estop him from contesting its validity: Malone's Adm'r v. Hobbs, 1 Rob. Va. 390; 1 Barton Ch. Pr. 222; Arnold v. Hickman, 6 Munf. 15; Hamblett v. Hamblett, 6 N. H. 333.

The orphan's court erred in sustaining the motion without notice to and opportunity given for answers by all parties in interest.

Where proceedings for the contest of a will are commenced within the statutory period of limitation, although only a part of the persons interested are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwithstanding some of them are not brought into the case until after the period of limitation has expired: Bradford v. Andrews, 20 Ohio St. 208; Floyd v. Floyd, 90 Ind. 130; Pha-len's Case, 21 N. Y. 34; Gouraud's Case, 95 N. Y. 256; McAr-thur v. Scott, 113 U. S. 387; Horner & Roberts v. Hasbrouck, 41 Pa. 169; Furst v. B. & L. Assn., 128 Pa. 183; Davidson v. Thornton, 7 Pa. 128; Silverthorn v. Townsend, 37 Pa. 263; Allen v. Liggett, 81 Pa. 486; Porter v. Hitchcock, 98 Pa. 625; Meinweister v. Hains, 110 Pa. 468; Hughes v. Torrence,

111 Pa. 611; Leonard v. Parker, 72 Pa. 236; Act of 1832, P. L. 138.

It seems to appellant that the court below is over solicitous about George W. Miller's legacy. It is not in any danger if it is free from fraud—the law being well settled that if a part of a will has been obtained by fraud, probate ought to be refused as to that part and granted as to the rest: Wms. Exrs., 6th Am. ed. 63; 1 Jarm. on Wills, 5th Am. from 4th Lond. ed. 34, note 47, 131, note E; Allen v. McPherson, 1 H. of L. 191; Barton v. Robins, 4 Phill. 455; Plume v. Beale, 1 P. Wms. 388; Goods of Duane, 2 S. & T. 500; Billinghurst v. Wickerns, 1 Phill. 187; Baxter's Ap., 1 Brewst. 451; Hegarty's Ap., 75 Pa. 503; Rudy v. Ulrich, 69 Pa. 183.

If appellant was not estopped from contesting this will by receiving his $500 yearly, prior to June 5, 1892, he is not estopped by anything that has occurred since: Miller's Ap., 159 Pa. 562; Anderson's Ap., 36 Pa. 488; Preston v. Jones, 9 Pa. 460; Fenstermacher v. Moyer, 35 Pa. 354; Story's Eq. § 1085; Adams's Eq. 267; Cauffman v. Cauffman, 17 S. & R. 25; Sandoe's Ap., 65 Pa. 314; Penna. Co. v. Stokes, 61 Pa. 136; Gascoyne v. Chandler, 3 Swans. 418; Meason v. Kaine, 67 Pa. 126; Com. v. Moltz, 10 Pa. 530; Ness v. Vanswearingen, 10 S. & R. 146; Miller v. Miller, 60 Pa. 16.

*Edwin W. Smith* and *P. C. Knox*, *James H. Reed* and *Clarence Burleigh* with them, for appellee.—The appeal should be dismissed for want of proper parties: Chambers's Est., 3 W. N. 188; Moseley's Est., 5 W. N. 102; Sheetz v. Whitaker, 7 W. N. 403; Church v. Nelson, 35 Ohio, 638; McMacken v. McMacken, 18 Ala. 576; Brown v. Riggin, 94 Ill. 570; Prentice v. Kimball, 19 Ill. 323.

It is now too late to amend and bring in other parties, five years having passed since the date of the probate: Act of 1856, P. L. 533; Cochran v. Young, 104 Pa. 337; Warfield v. Fox, 53 Pa. 382; Christy v. Sill, 95 Pa. 380; Way v. Hooton, 156 Pa. 20; Miller v. Bealer, 100 Pa. 583; Magaw v. Clark, 6 Watts, 528; Bell's Ap., 115 Pa. 88; Furst v. B. & L. Assn., 128 Pa. 183; Fairchild v. Furnace Co., 128 Pa. 485; Hopkins v. Lead Co., 71 Ill. 373.

The appellant has since the hearing of this case in the

Supreme Court made an election unequivocally with full knowledge of the facts, to take under the will: Hamblett v. Hamblett, 6 N. H. 333; Boughton v. Boughton, 2 Ves. Sr. 12; 1 Jarman on Wills, p. 31; Bell v. Armstrong, 3 Addams, 243; Anderson's Ap., 36 Pa. 488; Markley's Est., 148 Pa. 541; Bennett's Est., 158 Pa. 139; Gallagher's Ap., 48 Pa. 121.

OPINION BY MR. JUSTICE WILLIAMS, Jan. 7, 1895:

The questions now brought to our attention were substantially involved in the former appeal to this court by the same appellant, which will be found reported in 159 Pa. 562 and 575. There seems however to be some uncertainty about the proper practice in contests over the probate of alleged testamentary writings, and it is to this circumstance, as we have no doubt, that the necessity for the present appeal must be charged.

Prior to the act of 1712 the register general of the province seems to have had charge of the probate of wills and the granting of letters of administration. The act of 1705 did little more than to give the same effect to the probate of wills made in the courts of Great Britain that was given to such probate made before the register general. The act of 1712 directed the register and his deputies to call to their assistance in deciding objections or caveats entered against the probate of wills at least two of the justices of the court of common pleas of the proper county; but the method of procedure was not prescribed. The constitution of 1790 provided for a register and a register's court in each county. The act of 1791 provided for the sending of issues of fact from the register's court to the court of common pleas for trial, fixed the time within which appeals from a decree of the register or the register's court might be taken, and made an exception in favor of all persons under disability, giving them five years after the end of their disability within which to take their appeal; but the methods of procedure were left largely to the discretion of the register or the register's court. The first serious effort to lay down some general outlines of procedure seems to have been made by the act of 1832. By that act it is made the duty of the register of wills, whenever a caveat is entered against the admission of any testamentary paper to probate and any matter affecting the validity of such writing is alleged, to issue a pre

cept to the court of common pleas of the county directing the preparation of an issue for trial before a jury in order to determine the truth of the fact or facts so alleged.   The office of the caveat is to arrest the proceedings until the truth of the facts alleged or affecting the validity of the will can be determined, and it enures to the benefit of all parties interested in the subject, Ottinger v. Ottinger, 17 S. & R. 143 ; and a caveat separately filed by each heir at law or other person interested is unnecessary.   Each heir at law has the right to an issue if he can show facts that would sustain a verdict against the will: Schwilke's Ap., 100 Pa. 628.   This right is saved to all, however, by the caveat of any one of these persons filed within the proper time, since all the others may be, and must be joined or afforded an opportunity to join, in the contest.   The act of 1832 prescribes the form of the precept to be issued by the register to the judges of the court of common pleas, in which is the direction that an issue be framed between the proponent and the caveator upon the merits of the controversy between them, and that the said judges cause all other persons who may be interested in the estate of the alleged testator " as heirs, relations, or next of kin, devisees, legatees, or executors to be warned that they may come into our said court and become parties to the said action if they shall see cause."

If no caveat has been filed with the register before probate made, the remedy of one desiring to contest the validity of the will is by an appeal from the decree of probate to the orphans' court.   After an appeal the further proceedings are before the orphans' court until the precept is lodged in the common pleas. The orphan's court has the power to amend or to issue citations to other persons interested until the issue goes to the common pleas.   From that time on until trial and verdict the power and the duty to call in any omitted persons interested passes to the trial court.   If the record does not disclose the names of the several persons interested in the estate and the appellant does not supply the necessary information the application may be dismissed for that reason : Miller's Appeal, 159 Pa. 575.   If the record does disclose the names of all necessary parties, or if the applicant offers, when an omission appears, to supply it by amendment or in any other proper way, the application cannot be dismissed for want of parties, for all that is needed in such

a case is the process of the court to warn the persons who have
not appeared of the pending application or issue as the case may
be.   But the caveat, or the appeal, of any one of the persons
interested is directed against the will and not against the frac-
tional interest of the caveator in the property devised.   The
proceeding is in the nature of a proceeding in rem, and when a
final decree is reached it is conclusive on all the world: Ottinger
v. Ottinger, 17 S. & R. 142; Folmar's Appeal, 68 Pa. 482; War-
field v. Fox, 53 Pa. 382; Miller's Appeal, 159 Pa. 562.   If by
any neglect an issue goes to trial and a verdict is taken in favor
of the will by agreement, without the knowledge of one or
more of the persons interested, the verdict is not binding on
such person but will be set aside at his request, Hambleton
v. Yocum, 108 Pa. 304; or the omitted party will be allowed to
take another appeal if the time for so doing has not elapsed,
Miller's Appeal, supra; nor does it matter on which side of the
contest the name of any one interested appears, for if the ver-
dict is adverse to the will it falls.   The paper is then adjudged
not to be the last will and testament of the alleged testator and
probate is refused, or set aside if already made, so that the
maker of it becomes intestate: Appeal of Lydia Probst, 163
Pa. 423.   His estate would then go into distribution under the
intestate laws.   In that event the heirs at law would stand on
the same plane, and their shares in the estate of their ancestor
would not depend on their relation to the issue in which the
validity of the will was determined, but on their relation to the
intestate.

In the light of the principles to which we have now referred
we must consider briefly the questions raised by the assignments
of error in this case.   These are three in number.   First, were
the proper parties before the court when the order complained
of was made?   It seems to be conceded that all were on the
record except Geo. W. Miller, and that the appellant was
endeavoring to put him there.   The court was clearly wrong
therefore in holding that the proper parties were not before it.
It was not necessary to make Geo. W. Miller a party to the
issue against his will.   He had a right to say, " I wish to sus-
tain the will and be joined with the proponents," or to say " I
am not interested in the controversy and will have nothing to
do with it," but it was the duty of the court to warn him of

the pendency of the proceeding so that he might be able to act intelligently and to take such position in regard to it as would best protect his own interests in the estate of the alleged testator.

The second question is, whether the lapse of five years after the decree of probate appealed from, without any appeal taken by George W. Miller, made notice to him of the pending appeal either unnecessary or illegal? His interest may have been in favor of the proponents. He may have known facts and circumstances sufficient to defeat the appellant and establish the validity of the will. It is for this reason, and because he is to be affected by the decree sustaining or overturning the probate, that the statute makes it obligatory on the appellant and the court to see that all persons interested in the estate of the alleged testator have notice of the appeal from the register.

A person whose interests are in favor of the will could not be expected to appeal from the decree of probate, but he would be expected to resist such appeal by whomsoever taken. He is entitled therefore, upon general principles, as well as upon the express provisions of the statute, to notice of any appeal that may be taken, in order that he may protect himself or others in whom he is interested. It is sufficient if the notice comes at such time before the trial as shall enable him to make the necessary preparation. The appeal may be taken at any time within five years after probate. The appeal brings the rem, the will, within the jurisdiction of the orphans' court. The court then proceeds by its process to bring the persons interested in the rem before it so that all may be heard before the final decree is made, and be bound by it when made. The order of the court below incorporated into the statute a condition that the legislature did not put there, and one that in many cases would defeat the purpose of the law and the ends of justice.

The third and last question is whether the appellant is estopped from contesting the validity of his father's will by the receipt of some small sums of money from the executor, paid him as an annuity or by his petition in the orphans' court asking further payment, on which no action has yet been taken. This question is decided in 159 Pa. 562, and it is not necessary to do more than refer to what is there said. The only additional circumstance set up at this time is the undisposed of

petition in the orphans' court, which has changed the position of no person or thing, and which affords no ground for an estoppel.    The order striking off the name of George W. Miller is reversed, with the direction that he be allowed to elect what position he will occupy towards the pending petition.

The order dismissing the petition of A. H. Miller is reversed, the record remitted, and the court below directed to proceed to hear and determine the same on its merits.

MR. JUSTICE MITCHELL: I would affirm this judgment for the reasons given by the learned judge below.