## Lowry's Estate

Before Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.
*Hugh Roberts*, for petitioner.

*Lawrence C. Hickman, Boyd Lee Spahr, Robert W. Archbald, Jr., Edward W. Madeira, Thomas Cahall, Maurice W. Sloan, Richard K. Stevens, C. Wilfred Conard, Ernest Scott, Rodney T. Bonsall, Herbert Simons, J. Howard Rhoads, Howard H. Yocum, Rambo, Rambo & Mair, Cuthbert H. Latta, Jr., Pepper, Bodine, Stokes & Schoch, Walter S. McInnes, Edmonds, Obermayer & Rebmann, Duane, Morris & Heckscher, Saul, Ewing, Remick & Saul, John K. Loughlin, Edgar S. McKaig, R. Sturgis Ingersoll*, and *Warwick Potter Scott*, for respondents.

KLEIN, J., June 3, 1938. — On November 7, 1935, Hannah B. Davidson, petitioner, instituted proceedings to set aside the will of Annie L. Lowry, which was admitted to probate August 7, 1908. Her petition alleged that the signature to the decedent's will was forged and that at the time of its execution the decedent was of unsound mind. Preliminary objections were filed by a large number of respondents. This court, in an opinion filed March 27, 1936, sustained the objections without prejudice to the right of petitioner to file a new and amended petition limited to the allegations of forgery.

The amended petition was filed June 19, 1936. Many of the respondents filed preliminary objections to the new petition.

On November 24, 1936, petitioner filed a petition alleging that a great number of respondents named in the amended petition could not be found and had no known residence. On this petition the court granted an alias citation with leave that it be served by publication in The Legal Intelligencer and a daily newspaper in general circulation. Counsel for petitioner thereupon caused the publication to be made without first actually issuing the alias citation. Thereupon the matter was argued before the court in banc. In an opinion filed March 5, 1937, we held that the advertisements made before the issuance of the citation were nugatory and that the argument had been prematurely held. We therefore ordered the record returned to the clerk's office and deferred consideration of the merits of the objections until petitioner took the necessary steps to have all the parties in interest properly joined in the proceedings.

On March 30, 1938, the decree of November 24, 1936, was amended extending the return day of the alias citation from December 31, 1936, to May 6, 1938. The alias citation was then actually issued and advertised in accordance with the direction of the court. The questions raised by the preliminary objections were again argued on May 16, 1938, and are now before us for determination.

If petitioner, Hannah B. Davidson, were the only person in interest in this suit, we would sustain the preliminary objections without hesitation. She alleges in her petition "That immediately after the said will was probated your petitioner undertook to contest said will and employed an attorney for that purpose". The reasons she assigns for failure to proceed are entirely without merit in law to explain her delay of almost 30 years. We view this delay with grave suspicion in view of the fact that she waited until both Ellwood Bonsall and E. Warner Bonsall, the men charged with perpetrating the forgery, died before she commenced this litigation.

However, many other persons, alleged to be the next of kin of the decedent, would have an interest in this estate if the signature to the will were actually proved to be a forgery. The defense of laches against them can arise only where there has been undue delay after the discovery of the forgery: Culbertson's Estate, 301 Pa. 438 (1930). No such laches is shown in this record.

If the preliminary objections were sustained, any one of these other persons could institute proceedings to contest this will in his own right. This might cause a multiplicity of suits, a prospect upon which equity frowns: Gwinn et al. v. Lee et al., 6 Pa. Superior Ct. 646 (1898).

After great effort we believe we have succeeded in getting all of the parties in interest joined in this record, in accordance with the rule laid down by the Supreme Court in Miller's Estate, Miller's Appeal (No. 1), 159 Pa. 562 (1894), and Miller's Estate, Miller's Appeal, 166 Pa. 97 (1895). We are therefore now in the position for the first time to dispose of the entire contest at one time. .

The nature of the charges made by petitioner is very serious. If they be proved to be true, the will is a nullity and its probate a fraud. If they cannot be proved, they should be permanently interred. We all believe the interest of justice will be best served by giving the parties in interest an opportunity to present all their evidence in open court.

The preliminary objections are therefore dismissed. Leave is granted the respondents to make answer on the merits within 15 days from this date.

Van Dusen, P. J., did not sit nor participate in the deliberation of this case nor in the decision of the court.