## Jaco Estate

Before Sinkler, P. J., Klein, Bolger, Ladner, Hunter and Boland, JJ.

*Rowland C. Evans, Jr.*, of *Krusen, Evans and Shaw*, for petitioners.

*C. Leo Sutton*, of *Paxson, Kalish, Dilworth & Green*, contra.

LADNER, J., December 9, 1949.—The record in this case is much too confused to properly dispose of the questions sought to be raised by the preliminary objections. Here we have a petition for an issue devisavit

vel non, averring the alleged will to be a forgery. To this an answer on the merits was filed and then a replication. Next, another petition was filed which is neither titled "amendment to" nor "amended petition". It prays a citation, instead of an alias citation directed to additional parties, not made parties by the first citation.

This second petition is identical with the first petition so far as the first seven paragraphs are concerned, but the eighth paragraph makes this additional averment, that "if the signature . . . is found to be genuine, . . . then your petitioner avers said signature was obtained by trick, fraud and/or undue influence." It then prays an additional issue on that ground.

The same party who filed an answer on the merits to the first petition now files preliminary objections, attacking not only the sufficiency of the added averment but also the forgery averments on which he previously has joined issue.

Such a proceeding is obviously irregular. We held in Thompson's Estate, 35 D. & C. 6, 1939, that a party may not in the same pleading answer to the merits as to one part of a petition and file preliminary objections to another part. We think the same principle controls where the same thing is attempted in two different answers. But in this case petitioner must bear his share of the responsibility for the confusion because of the way in which he drafted the second petition, by which he introduced, so to speak, an additional issue which may or may not be inconsistent with the issue prayed for in the first petition.

In the circumstances, we think the objecting respondent should be afforded opportunity to raise the questions he seeks to have us pass on. Since we cannot properly do this on the present state of the record, we deem it in the best interest of all parties concerned to sustain the exceptions pro forma with leave

to petitioner to start all over again by filing a new, substituted petition, setting forth the facts supporting his prayer for the issues he desires to have granted.

When this substituted petition is filed, all or any of respondents may answer to the merits, or file preliminary objections as to them seems best.

The purpose of a petition sur appeal from the register is two-fold: (1) To bring in or warn by citation all parties in interest so that they will all be bound by one contest, and so avoid multiplicity of suits: Miller's Estate, 159 Pa. 562, and 166 Pa. 97; Lowry's Estate, 29 D. & C. 132, 133; (2) As a pleading to apprise respondents of the charges they will be called upon to meet at the hearing or trial. Here the first purpose has been accomplished for all the parties in interest have been brought on the record. No new citation need therefore be prayed for or issue. The substituted petition we give leave to file need only pray for the award of the issue or issues desired. But the prayer for issues must be supported by adequate averments of essential facts as to which the attention of both counsel is called to Thompson's Estate, supra, where, after an analysis of the prior cases we discussed what may be considered adequate averments to support the various types of issues.

We express no opinion on the merits of the question sought to be raised before us except to say that we note the first issue requested in both petitions on file, reads "whether or not the said writing is the will of the decedent". This has been held not to be a proper issue: See Buhan Exr., et al., v. Keslar et al., 328 Pa. 312, 314, and should therefore be omitted from the new substituted petition which we now give leave to file.

Exceptions sustained pro forma with leave to file a substituted petition within 15 days.