## Dettra Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Otis W. Erisman* and *Frank F. Truscott*, for petitioners.

*Sydney J. Fires*, Special Assistant Attorney General, for Commonwealth.

*Holbrook M. Bunting, Jr.*, and *Paul Maloney*, for claimants.

LEFEVER, J., March 22, 1963.—Is the Commonwealth of Pennsylvania a "party in interest who is aggrieved by the decree of the register", so as to entitle it to appeal from the probate of a disputed will which bequeathed decedent's entire residuary estate to strangers, even though it later develops that decedent may be survived by first cousins? This issue is raised by proponents' petition to dismiss the Commonwealth's appeal.

Elsie W. Dettra died on May 19, 1961, leaving an alleged last will and testament, dated May 16, 1961. This will gave the residue of decedent's estate, inventoried at $127,650.86, to Meyer W. Weissman and his wife, Estelle Weissman, hereinafter referred to as "proponents". It named Meyer W. Weissman as executor. On May 22, 1961, this will was probated and letters testamentary were granted to Weissman.

On November 21, 1961, the Commonwealth of Pennsylvania filed an appeal from this probate. On December 19, 1961, the Commonwealth filed its petition for a citation. This petition alleged that decedent left "to

survive her as persons entitled to her estate under the intestate law no persons other than the Commonwealth of Pennsylvania." It alleged further that the Commonwealth "is a party in interest in the estate of the said decedent entitled as heir to the entire estate of the decedent pursuant to the Act of April 24, 1947, P. L. 80, sec. 3 (20 PS §1.3(6) ; or under the provisions of the Act of April 9, 1929, P. L. 343, sec. 1314 (72 PS §1314) ; or as Parens Patriae on behalf of the Baptist Home, Roosevelt Boulevard and Pennypack Circle, Philadelphia, Pennsylvania, beneficiary under a writing executed by the decedent as her will on August 12, 1930, a copy of which is attached . . ." It concluded with a prayer that the will be set aside on the grounds of lack of testamentary capacity and undue influence. Proponents filed an answer *on the merits,* in which they averred that they "are unable to ascertain the truth or falsity of the statement that the only person entitled to the estate under the intestate laws is the Commonwealth of Pennsylvania.

On January 12, 1962, Rilla Aiman Cornell and Garbutt Worrell Aiman filed an answer to the Commonwealth's petition containing new matter, which averred that they were, respectively, a first cousin and a first cousin once removed of decedent. In that answer they joined the Commonwealth in its petition and prayer that the decree of probate be set aside. On January 15, 1962, the Commonwealth filed an answer to the above-mentioned new matter which called upon them for proof of their relationship. On February 13, 1963, Garbutt Worrell Aiman filed a separate appeal from the probate.

The appeal from probate was referred by this court to Judge Shoyer for hearing. Judge Shoyer set February 11, 1963, and then March 11, 1963, for hearing, but granted continuances upon proponents' request. In the meantime, on February 1, 1963, proponents filed a

petition for issuance of a citation to show cause why the appeal of the Commonwealth should not be dismissed because it "is not a party in interest within the purview of the Register of Wills Act of 1951 . . ." and the Baptist Home should not be stricken as a party. In paragraph 7 of that petition, they averred on information and belief "that the next of kin of the decedent, Elsie W. Dettra, are Rilla Aiman Cornell, a first cousin of the decedent, Elsie W. Dettra, Garbutt Worrell Aiman, son of a deceased first cousin of Elsie W. Dettra, and Estella Harris Worrell Vogel, a first cousin of Elsie W. Dettra . . ." On February 14, 1963, the Commonwealth filed preliminary objections to that petition. The Baptist Home has taken no definitive action.

The crucial issue before this court is the validity of the will. A will contest is basically an action in rem. Therefore, all parties who have a possible interest have a right to appear in such action. Per contra, it is error for this court to proceed in a will contest unless all such parties are before the court: Miller's Estate, 166 Pa. 97; 159 Pa. 562.

Section 208 of the Register of Wills Act of June 28, 1951, P. L. 638, provides that:

"Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within two years of the decree. . ."

Is the Commonwealth in this case such a party in interest?

When the Commonwealth filed the appeal and when it filed the petition for citation, it appeared that there were no next of kin who would be entitled to take under the Intestate Act of 1947, as amended, and the Commonwealth so averred in its petition. Since then two alleged first cousins and a first cousin once removed have come into the picture. The proponents of the will, in effect, admit that these cousins are the next of kin

of decedent. However, the Commonwealth has not conceded this point.

In a somewhat similar situation (Tierney Will, 10 Fiduc. Rep. 310), President Judge MacElree of the Chester County Orphans' Court held that the Commonwealth was a proper party, stating at page 319:

"All that is required is that it shall be 'a party in interest' who is aggrieved by a decree of the register or a fiduciary whose estate or trust is so aggrieved.

"If a fiduciary (a mere stakeholder) is declared to be by the statute 'a party in interest' and as such has a right to appeal, why then is not the Commonwealth in its capacity as sovereign for the protection of those who may be ultimately entitled to distribution, 'a party in interest' and as such entitled to appeal so that in the event that the validity of a paper writing, challenged on appeal, should be determined adversely to the proponents that the fund ultimately to be distributed would be protected for those lawfully entitled to receive it."

Similarly, in Smith's Estate, 23 D. & C. 519, 520, President Judge Heller of the Luzerne County Orphans' Court stated:

". . . the Commonwealth has a most real and tangible interest in an estate when there are no known heirs. It would create a rare state of affairs in the administration of justice if the Commonwealth through its agent, the escheator, could not intervene when strangers to the blood have set up a will, and not have its validity determined."

The cases relied upon by proponents involve appeals taken by alleged blood relatives whose relationship was in doubt. These cases do not apply to the Commonwealth, which is the ultimate heir under the Intestate Act of 1947, as amended. To date there has been no formal proof or adjudication that Rilla Aiman Cornell, Garbutt Worrell Aiman or Estella Harris Worrell

Vogel are the heirs of decedent. If the petition before us were to prevail, these alleged cousins might later fail to prove their relationship and their appeal would then fall for lack of an appellant.

Of vital importance, however, is the admission by proponents in the pleadings that Rilla Aiman Cornell, Garbutt Worrell Aiman and Estella Harris Worrell Vogel are cousins, who are entitled to take under the intestate act. Therefore, on proponents' own averments, there is no doubt that *some party* is entitled to a hearing on the appeal from probate. It is not for proponents to choose their adversaries. Significantly, the alleged cousins do not challenge the Commonwealth's position; per contra, they state in their brief: "It is the position of these respondents that this issue is a question for distribution which remains moot unless and until is has first been determined that the alleged will of May 16, 1961 is not valid." If the will is adjudged valid the rights of all but the proponents will be foreclosed. If, however, the will is declared invalid, then the determination of who are the heirs and next of kin becomes immaterial to the proponents. It follows that whether or not the alleged cousins, or others, are next of kin who will be entitled to take if the will is invalid, rather than the Commonwealth, is now beside the point. The audit of the personal representative's account is the appropriate time and place to determine this and other matters of distribution. Likewise, the existence or non-existence of a prior will is not now immediately before us. The rights of Meyer M. Weissman and Estelle Weissman will not be adversely affected by the appearance of the Commonwealth at the hearing on the appeal from probate.

In view of the conclusions reached above, it is not necessary for us to pass upon the status of the Baptist Home. This is a matter to be determined by the hearing judge at the hearing on the appeal from probate. We

are all of one mind that this hearing should be held promptly.*

Accordingly, the preliminary objections are sustained and the hearing judge is directed to schedule a hearing on the appeal from probate.

---

* Almost two years have elapsed since the death of decedent. There is presently pending before the court the petition filed on March 15, 1963, by Garbutt Worrell Aiman, Rilla Aiman Cornell and Estella Harris Worrell Vogel for leave to take the deposition of "a going witness." Therein, petitioners aver that one of the physicians who treated decedent during her terminal illness in the hospital will complete his residency in June, 1963, and immediately depart to practice medicine in Los Angeles, California. Moreover, it was stated by counsel to the court at the oral argument in the instant case that another physician who similarly attended decedent had already completed his residency and had gone to a distant city. It is far preferable to have key witnesses appear and testify in person before the hearing judge and the jury (if the hearing judge, within his discretion, decides to impanel a jury) than to present this evidence by deposition. Hence the need for a prompt hearing.