## Yesner Will

Before Pawelec, Adm. J., Silverstein, Jamison, Klein and Shoyer, JJ.

*Ronald Ziegler*, for contestant.

*John J. Lombard, Jr.*, for proponents.

*Charles E. Donohue*, for Commonwealth.

OPINION BY KLEIN, J., JANUARY 26, 1981:

L. Dewey Yesner died September 9, 1979. A writing purporting to be his last will was admitted to probate by the register of wills on September 28, 1979, and letters testamentary were issued to Allan B. Schneirov, a member of the Philadelphia bar.

On August 11, 1980, which was less than one year after the will was accepted for probate, Farrel Yesner, one of decedent's children, who receives no benefits under the will, filed with the court a petition for citation sur appeal. A citation was issued directed to all of the beneficiaries named in the will and the Attorney General of Pennsylvania, as parens patriae, "to show cause why the appeal of Farrel Yesner, under the provisions of Section 908 of the Probate, Estates and Fiduciaries Code, from the decree of the register of wills admitting to probate a certain writing dated June 7, 1977, as the last will and testament of L. Dewey Yesner, deceased, should not be sustained, the decree set aside, and a jury be empaneled to try as questions of fact:

"(1) Whether or not at the time of execution of said writing the decedent was a person of sound mind and of sufficient testamentary capacity?

(2) Whether the decedent at the time of the execution of the alleged will had a weakened intellect?

(3) Whether Hortense Harris was in a confidential relationship with the decedent on June 7, 1977?

(4) Whether Hortense Harris received substantial benefits under the alleged will dated June 7, 1977?

(5) Whether or not the said writing was procured by undue influence, duress and constraint practiced upon the said decedent by Hortense Harris?"

Of these questions, numbers (1) and (5) appear to be proper, but we suggest that questions numbered (2), (3), and (4) may be inappropriate.

The citation was issued on September 2, 1980, returnable September 29, 1980, and was duly served on the respondents. Allan B. Schneirov, the executor designated in the will, was not named as a respondent. The Attorney General of Pennsylvania filed an answer on the merits. All of the other re-

spondents, with one exception filed preliminary objections to the petition for citation for the following reasons:

> "1. This court lacks jurisdiction in that petitioner has not perfected his appeal in the office of the register of wills in accordance with 20 Pa. C.S.A. 908 in that no appeal has been filed in the office of register of wills from the decree of probate and the record of probate has not been certified to the orphans' court division in accordance with 20 Pa. C.S.A. §907 and local rules 102 and 103.

> 2. The petition is defective in that the citation is not directed to the executor, Allan B. Schneirov, and he is not joined as a necessary party as required by Supreme Court Orphans' Court Rule 3.1, Pa. R.C.P. 1501 and Pa. R.C.P. 2227.

> 3. The allegations of the petition for citation are insufficient, as a matter of law, and lack the specificity necessary to support the petitioner's claims of undue influence, duress, constraint and confidential relationship."

We will consider these objections seriatim.

*1. Motion for Dismissal for Lack of Jurisdiction.*

Section 908 of the Probate, Estates and Fiduciaries Code, 20 Pa. C.S.A. §908, as adopted in 1972, provided that any party in interest who is aggrieved by a decree of the register may appeal therefrom to the orphans' court within two years of the decree. It also provided that any one appealing shall file with the register, within ten days after filing his appeal, his bond conditioned for the payment of any costs that may be decreed against him. If no bond was filed within the ten day period, the appeal was considered abandoned. The Code was amended in 1976 reducing the period of appeal from two years to one year and making the filing of a bond discretionary with the court instead of mandatory. The statute is silent with respect to the manner or form which the appeal shall take.

The Supreme Court Orphans' Court rule 10.2 also makes no effort to prescribe the form of the appeal but leaves the matter entirely to the local courts in the following language:

> "Appeals from the Register of Wills — Appeals from judicial acts or proceedings of the Register of Wills and the practice and procedure with respect thereto shall be as prescribed by local rules."

Although local rules in the various counties differ, they generally require that appeals must be filed with the register of wills and not the orphans' court. For example, the Montgomery County rule provides:

"Local Rule 10A, Form of Appeal. — Appeals taken from the judicial acts or proceedings of the register shall be addressed to this court, but filed in duplicate with the register; shall specify the points upon which based; and shall set forth the names of all interested parties and the necessary jurisdiction facts."

If a rule similar to the Montgomery County rule were in effect in Philadelphia, we believe that preliminary objection No. 1 would have to be sustained. However, our rules, like Section 908 of the Code, are completely silent as to where and in what manner an appeal should be taken. The procedure in Philadelphia County concerning appeals from the register is governed by local rule *103 (a), which states in pertinent part:

"When an appeal is taken from a judicial act of, or proceeding before, the Register, the appellant shall promptly present a petition to the court, which shall set forth

(1) the nature of the proceeding before the register;

(2) the basis for the appeal together with copies of all wills involved in the controversy known to be in existence; and

(3) . . ."

The ambiguity of this language is self-evident. One unfamiliar with the practice in this court could readily conclude that the petition appellant is directed by this rule to present to the court is in fact the appeal. This failure to specifically spell out the manner in which the appeal should be taken is an obvious oversight which we expect to correct in the near future.

If we compare the language of the original Section 908 of the Code and the 1976 revision, the reason for the ambiguity becomes apparent. The original section *required* appellant to file a bond with the register, thus clearly implying, although it did not so state, that the initial proceeding sur appeal is before the register. The 1976 revision, however, removed the requirement for automatic filing of an appeal bond and substituted a provision that the *court* may require such a bond, the sufficiency of which "shall be determined by the register in the first instance, with right of appeal to the court:" 20 Pa. C.S.A. §908 (b). Just what the legislature had in mind by this language is not clear. The comment of the Official Advisory Committee is of little assistance in this regard: "In instances where a bond will serve a purpose, it may be obtained by application to the court."

As the matter now stands, there would seem to be no mandate that an appeal from a decree of the register should be filed with him. The office of the register serves no function in the appeal procedure other than to determine the sufficiency of any bond this court may direct to be entered.

In the present case, the petition entitled "Petition for Citation Sur Appeal" was filed on August 11, 1980, well within the statutory period, and a decree was entered by Judge Gutowicz on August 13, 1980 awarding a citation to all the named respondents "to show cause why the appeal of Farrel Yesner, under the provisions of Section 908 of the Probate, Estates and Fiduciaries Act, from the decree of the Register of Wills admitting to probate a certain writing dated June 7, 1977, as the last will and testament of L. Dewey Yesner, deceased, should not be sustained . . ." This certainly indicates that the petitioner as well as the court acted under the belief that a valid appeal had been filed in conformity with the statute and the rules of court.

There is no doubt that the procedure followed by petitioner did not conform with the practice followed in this court for many years. Whether it is contrary to the present language of Section 908(a) of the Code and Orphans' Court Rule *103 (a) is arguable. We are not prepared to say that there is at this time a statutory and/or regulatory requirement in this county that appeals be filed with the register of wills. Indeed, we are satisfied that it would be a gross injustice, under the circumstances of this case, to hold that the appeal was not timely taken, thus depriving the petitioner, testator's son, of his day in court. We reach this conclusion fully aware of the holding of our Supreme Court in *Shelley Est.*, 463 Pa. 430. We believe that since that appeal arose from Montgomery County where local Rule 10A, hereinbefore set forth, guided appellants' appeal steps and 20 Pa. C.S.A. §908(b) was then mandatory in requiring the entry of a bond before the register, that case is readily distinguishable and is not controlling. Accordingly, Preliminary Objection No. 1 is denied.

*2. Motion for Dismissal for Failure to Join Necessary Party.*

It is essential that all persons having an interest in a will contest, whether as next of kin or executor or beneficiary

named in the will, be made parties to the proceedings. There should be but one contest and a person not made a party thereto may have the right to subsequently institute proceedings in his own behalf. See *Cohen Will*, 356 Pa. 161; *Thomas Will*, 349 Pa. 212; *Miller's Est.*, 159 Pa. 562, 166 Pa. 97. If any party in interest, including the executor, is not included as respondent in the citation, the remedy is not to dismiss the proceedings but to amend the proceedings by issuing another citation directed to the persons omitted. However, this question is now moot and need not be considered by us as a citation has since been issued making the executor a party to the proceedings.

*3. Motion to Strike for Lack of Specificity.*

The proponents contend that the allegations in the petition are nothing more than general legal conclusion of undue influence, duress, and lack of testamentary capacity without the mandatory allegations of facts necessary to sustain such conclusions.

We agree. The petition must set forth a concise statement of the facts and circumstances relied upon to justify the relief requested. In this respect the petition is deficient. There is no allegation of when or how the alleged undue influence was practiced upon testator or under what circumstances it was exercised. Moreover, there are insufficent allegations of facts to show that the mind and will of the testator were overcome and subjugated by misrepresentations, overpersuasion or fraudulent conduct on any one's part. Old age, sickness, distress, or debility of body neither prove nor raise a presumption of incapacity to make a will: *Hastings Est.*, 387 A. 2d 865. The fact that testator relied upon one of the proponents to make business judgments for him does not of itself establish a confidential relationship: *Brantlinger Will*, 418 Pa. 236. In short, the contestant has failed to set forth sufficient facts and circumstances to enable the proponents to formulate an intelligent answer to the petition to set aside the will. See the many cases cited in *Hunter's Pa. O.C. Commonplace Book*, Contests of Wills §6 (f).

Accordingly, Preliminary Objection No. 3 is sustained. Leave is granted Farrel Yesner, the petitioner, to file an amended petition within thirty (30) days.