## Pavelchak Will

Charles J. Conturso, for proponents.

Kathryn M. Renzulli and Gerald M. Hershenson, for contestants.

OPINION BY MIMS, J., NOVEMBER 3, 1981:

This matter is before the undersigned for disposition in accordance with Bucks R.C.P. *266.

The will of Viola R. Pavelchak dated October 12, 1976, was admitted to probate by the Register of Wills of Bucks County on January 28, 1978, and letters testamentary were granted to Dorothy Weber.

On May 15, 1978, Charlotte R. Miles and Bernice Sanchez filed an appeal in the register of wills from the decision to probate the will dated October 12, 1976.

On May 30, 1978, Charlotte Miles and Bernice Sanchez filed a petition in the orphans' court alleging that they were, as surviving nieces, entitled each to a one-half interest under the intestate law and further alleging that at the time of the execution of the will the testatrix was not of sound mind because of illness and infirmity and further that the will was procured by undue influence, duress and constraint practiced upon the decedent by Jane Phillips, and/or Dorothy Weber and/or Eleanor Smith named as beneficiaries of all the real and personal property of the decedent except $700. The petition further alleged a confidential relationship among the named individuals and the decedent and that these named individuals have received the bulk of the testatrix's property.

The petition requested the court to award a citation directed to all parties in interest in the decedent's estate as heirs, relations or next of kin, devisees, legatees or executors, to wit, Jane Phillips, Dorothy Weber, Eleanor Smith, Reverend Donald F. Miller, the Union Fire Company of Morrisville to show cause why the appeal should not be sustained. On June 5, 1978, the undersigned judge by decree directed the citation to issue, returnable June 29, 1978.

No service of the citation was made by the contestants upon any of the persons named in the citation prior to the return day.

On April 14, 1980, the attorney for the contestants filed a petition for a new citation to issue, the first citation not having been served. A decree awarding the issue of a citation was entered April 14, 1980. The return day was fixed for May 26, 1980.

The citations were served before the return day, as is evidenced by the affidavits of service filed of record on May 7, 1980.

Preliminary objections were filed on behalf of Jane Phillips, Dorothy Weber, Eleanor Smith and the Union Fire Company of Morrisville. Memoranda of law have been submitted by both sides. Unfortunately, neither counsel praeciped the matter to the court for disposition and so the matter has been additionally delayed.

The proponents have filed preliminary objections in three categories. Objection No. 1 is a motion to strike for lack of conformity to law or rule of court. The petition was acknowledged by the attorney and not the parties and there is no explanation of why it was not signed by the parties. Proponents therefore ask that the petition be stricken. The original appeal and the petition for the original citations were signed by the parties. The information in the second petition requesting a new citation was within the knowledge of the attorney in that he knew that the original citation had never been served. We agree that the petition is not in strict compliance with Bucks Orphans Court Rule 3.4.A2 but we do not find that this is a fatal defect and will not further delay this

matter by requiring that the second petition be refiled with new citations to issue. These objections are dismisssed.

The second objection is in the nature of a demurrer. The proponents claim that the contestants' claims are barred by Section 908 which provides that appeals by an aggrieved party from a decree of the register shall be appealed to the court within one year of the decree. The decree to be appealed from in this case is the probate of the will by the register of wills which occurred on January 26, 1978. The objection claims that the petition which is presently before the court was filed on May 14, 1980.

As we stated above the appeal was filed in the register of wills on May 15, 1978, well within the one year limit of Section 908. We have been unable to find cases which deal specifically with the effect of the failure to serve a citation before the return day and counsels' briefs have not given us any guidance in this matter.

In *Cornell Est.*, 18 Bucks 454, Judge Satterthwaite held an evidentiary hearing and decided the question of the validity of the testatrix's will on the merits although as he stated at page 463:

> "One final matter requires comment. Notwithstanding that contestant in compliance with usual practice in this type of case, obtained a citation on all parties in interest to show cause why her appeal from probate should not be sustained and the will set aside, she nevertheless then totally failed to serve the same on anyone . . ."

In *Cornell* counsel for the proponents appeared for certain of the legatees and gave *notice of the hearing* to all the parties in interest.

As Judge Satterthwaite further stated:

> "Under the circumstances, the matter may be judicially disposed of notwithstanding contestant's counsel's derelictions in this respect. While the proper procedure would require that all parties in interest be joined on the record by citation or otherwise, yet failure to do so is not necessarily fatal error where the possibility of prejudice is completely absent, as here . . ."

The statute providing for the appeal and limiting the time for filing to one year, does not expressly require notice, yet, all the parties interested should be given notice of the proceedings otherwise they would not be bound by a decree entered in proceedings to which they are not parties. See *Thomas Will*, 349 Pa. 212.

We are satisfied that this appeal was timely filed. The failure to serve the first citation was not fatal to this appeal, although we do not condone the delay in prosecuting the appeal and had an aggrieved party presented a petition requesting dismissal of the appeal prior to the request for the second citation, we might have been inclined to consider such petition favorably. That did not happen.

Proponents' objection in the nature of a demurrer- is hereby denied.

The third objection is a motion for a more specific pleading.

The petition has general allegations but does not recite facts and circumstances which would substantiate any suggestion that the mind of the testatrix was impaired. The petition, to be sufficient, must set forth facts which would establish a substantial dispute. The allegations in paragraphs 5, 6, 7, 8 and 9, constitute legal conclusions and do not suffice to set forth a sufficient basis for appeal. See: *Haueisen Will*, 30 FIDUC. REP. 145; *Lare Will*, 352 Pa. 323; *Dougherty Will*, 29 FIDUC. REP. 480, 488.

The motion for a more specific pleading is hereby sustained.

ORDER

And Now, this 3rd day of November, 1981 Objections I and II are hereby denied. Objection III is hereby granted. Contestants are granted thirty (30) days to file an amended petition setting forth sufficient factual averments to support their basis for appeal.